J-S08024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| CHARLES JORDAN, | |
| Appellant | No. 990 WDA 2017 |

Appeal from the Judgment of Sentence entered April 13, 2017,
in the Court of Common Pleas of Erie County,
Criminal Division, at No(s): CP-25-CR-0003263-2016.

BEFORE:  LAZARUS, J., KUNSELMAN, J., and STEVENS, P.J.E,*

MEMORANDUM BY KUNSELMAN, J.:          **FILED MARCH 27, 2018**

Charles Jordan appeals from the judgment of sentence imposed after he pled guilty to possession with intent to deliver (cocaine), a firearm violation, and receiving stolen property.[1]  Jordan's counsel has filed a petition to withdraw, in which she alleges that this direct appeal is wholly frivolous.  Agreeing with counsel's assessment, we grant her petition to withdraw and affirm Jordan's judgment of sentence.

The Commonwealth originally charged Jordan with multiple drug, firearm, and receiving stolen property charges following the execution of a

_____

[1] 35 P.S. § 780-113(a)(30), and 18 Pa.C.S.A. §§ 6105(a)(1), and 3925(a), respectively.

*Former Justice specially assigned to the Superior Court.

search warrant at his residence. Prior to trial, he filed a motion to suppress, which the trial court denied after an evidentiary hearing.

On February 27, 2017, Jordan entered a guilty plea to one count of each charge as part of a negotiated guilty plea, in which the Commonwealth agreed to withdraw the remaining charges. There was no agreement as to the sentence to be imposed, although Jordan acknowledged he was facing and aggregate maximum term of thirty years of imprisonment.

On April 13, 2017, the trial court imposed an aggregate sentence of eight to sixteen years of imprisonment. Jordan filed a timely post-sentence motion in which he raised challenges to his sentence. The trial court denied Jordan's post-sentence motion on May 5, 2017. Jordan filed a *pro se* notice of appeal, and the trial court appointed counsel following this Court's remand for a **Grazier** hearing.[2] Thereafter, Jordan's counsel filed a Pa.R.A.P. 1925(b) statement in which she stated her intention to file an **Anders**[3] brief with this Court.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010). In **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), the

---

[2]**Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1998).

[3]**Anders v. California**, 368 U.S. 738 (1967).

Pennsylvania Supreme Court explained what is required to be contained within an *Anders* brief:

> [T]he *Anders* brief that accompanies court-appointed counsel's petition to withdraw . . . must (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

"While the Supreme Court in *Santiago*, set forth the new requirements for an *Anders* brief, which are quoted above, the holding did not abrogate the notice requirements set forth in [*Commonwealth v. Millisock*, 873 A.2d 748, 751 (Pa. Super. 2005)] that remain binding precedent. *Daniels*, 999 A.2d at 594. Thus, counsel seeking to withdraw on direct appeal must meet the following obligations to his or her client:

> Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the *Anders* brief.

*Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (citation omitted). Jordan has not filed a response.

- 3 -

Our review reveals that Jordan's counsel substantially complied with the requirements of **Anders** and **Santiago**. "Once counsel has satisfied the above requirements, it is then this Court's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa. Super. 2007) (*en banc*) (citation omitted). Stated differently, this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel. **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015).

Counsel identified the following claims that Jordan indicated he wished to raise on appeal:

1. Did [Jordan] enter a knowing, voluntary and intelligent plea?

2. Did the trial court commit an abuse of discretion when it imposed consecutive sentences for possession with intent to deliver and persons not to possess firearms?

3. Did the trial court impose an illegal sentence?

4. Did the trial court err in denying [Jordan's] motion to suppress?

Jordan's Brief at 8.

Jordan first asserts that his entry of the negotiated plea was not knowing, voluntary and intelligent. As noted by counsel, Jordan failed to challenge the validity of his plea before the trial court in open court or in a post-sentence motion. **See** Pa.R.Crim.P. 720(B). Accordingly this issue is

waived for purposes of appellate review. *Commonwealth v. Lincoln*, 72 A.3d 606, 610 (Pa. Super. 2013). Absent waiver, we would find any such challenge refuted by our review of Jordan's written and oral plea colloquies. Thus, we agree that this issue is meritless.

In his second issue, Jordan claims that the trial court abused its discretion when it imposed consecutive sentences for possession with intent to deliver and the firearms violation. This claim challenges the discretionary aspects of sentence. There is no absolute right to an appeal when challenging the discretionary aspects of a sentence. Appellant must satisfy a four-part test to invoke this Court's jurisdiction. *See Commonwealth v. Griffin*, 65 A.3d 932, 935 (Pa. Super. 2013). An appeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the Sentencing Code. *Commonwealth v. Tobin*, 89 A.3d 663, 666 (Pa. Super. 2014) (citations omitted). Further, in order to properly preserve such a claim for appellate review, the defendant must present the issue in either a post-sentence motion or raise the claim during the sentencing proceedings, and preserve the issue in a Pa.R.A.P. 2119(f) statement. *Id.*

"Sentencing is a matter vested in the sound discretion of the sentencing court, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion, which in this context, is not shown merely to be an error in judgment; rather the appellant must establish by reference to the record, that the sentencing court ignored or misapplied the law,

exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision." *Commonwealth v. Shull*, 148 A.3d 820 (Pa. Super. 2016) (citation omitted).

Even if Jordan met all of the above requirements, his claim is refuted by our review of the record. In his post-sentence motion, Jordan cited to the court's statement during the sentencing hearing, that the sentences it imposed for these charges "are separate and distinct crimes, I have to make them consecutive." N.T., 4/13/17, at 12. Jordan then reminded the court that it had the option of running the sentences concurrently or consecutively. At argument on the post-sentence motion, the trial court explained:

> THE COURT: Okay. All right.
>
> You know, your second point in here, when I said they must be run consecutive, I didn't mean that in a legal sense that they were required, that was my feeling about the - -
>
> ***
>
> THE COURT: [T]hat's just a question of semantics, that was my opinion that they had to be run consecutively because of the nature of the charges, the fact that they were separate, distinct crimes, not because they had to be run consecutive, you know. I know that much.

N.T., 5/5/17, at 5-6.

With these comments, the trial court clearly explained that, even though it was aware of its sentencing options, the sentences were imposed consecutively because it believed the separate crimes deserved separate

punishments. Moreover, although the trial court did impose these sentences consecutively, it specifically told Jordan that each sentence it imposed fell within the mitigated range of the Sentencing Guidelines. *See* N.T., 4/13/17, at 12. Once again, we agree with appellate counsel that this issue is meritless.

In his third issue, Jordan challenges the legality of his sentence. We agree with appellate counsel's determination that this issue is meritless because, at the time of entering his plea, Jordan acknowledged that he was facing a maximum aggregate sentence of thirty years. *See* N.T., 2/17/17 at 8. The aggregate maximum sixteen-year sentence he actually received fell within the applicable statutory maximum for each charge.

Finally, in his fourth issue, Jordan claims that the trial court erred in denying his suppression motion. We agree with appellate counsel that this claim is meritless. "A plea of guilty constitutes a waiver of all non-jurisdictional defects and defenses, and waives the right to challenge anything but the legality of sentence and the validity of the plea." *Commonwealth v. Dixon*, 161 A.3d 949, 951 (Pa. Super. 2017) (citation omitted).

In sum, we agree with counsel's assessment that each issue Jordan wished to raise is meritless. Furthermore, our independent review of the record reveals no other non-frivolous bases for appeal. *Flowers*, *supra*. Thus, this appeal is "wholly frivolous."

Petition to withdraw granted. Judgment of sentence affirmed.

Judge Lazarus joins the Memorandum.

P.J.E. Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/27/2018