J-S78033-18

2018 PA Super 355

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ANTHONY LUCIANI | : | |
| | : | |
| Appellant | : | No. 699 EDA 2018 |

Appeal from the Judgment of Sentence February 9, 2018
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0001608-2017,
CP-46-CR-0002243-2017

BEFORE:   LAZARUS, J., McLAUGHLIN, J., and STEVENS*, P.J.E.

OPINION BY STEVENS, P.J.E.:            **FILED DECEMBER 24, 2018**

Appellant Anthony Luciani appeals from the judgment of sentence entered in the Court of Common Pleas of Montgomery County on February 9, 2018, following his open guilty plea to various violations of criminal statutes regarding sexual offenses charged at separate docket numbers. Following our review, we affirm in part, vacate in part, and remand for further proceedings.

The trial court summarized the pertinent facts and procedural history of this case as follows:

> On August 23, 2017, [Appellant] appeared before the undersigned and entered an open guilty plea of six (6) counts under docket 2243-2017 and five (5) counts under docket 1608-2017. These charges are based on violations of criminal statutes regarding sexual offenses. The bills of information allege that the offenses under docket 2243-2017 occurred between January 1, 2010 and March 31, 2010 and that the charges under docket number 1608-2017 occurred from January 17, 2017 through February 15, 2017.
> At the time that he entered his guilty plea, [Appellant] executed two written colloquies regarding the requirements to

_____
*   Former Justice specially assigned to the Superior Court.

register as a sex offender, pursuant to the version of 42 Pa.C.S.A. § 9799.10, *et seq*. (SORNA)[1] that was then in effect. These colloquies informed [Appellant] that his convictions subjected him to a registration period of twenty-five (25) years under docket number 1608-2017 and a lifetime registration period under docket number 2243-2017.

[Appellant] appeared before the undersigned for sentencing on February 9, 2018. Upon consideration of the arguments of counsel and review of the record, the undersigned imposed the following standard range sentences:

On Count 1 of 2243-2017 involuntary deviate sexual intercourse, not less than five and a half (5.5) nor more than eleven (11) years' imprisonment.

On Count 2 of 2243-2017, involuntary deviate sexual intercourse, not less than five and a half (5.5) nor more than eleven (11) years' imprisonment, to run concurrently with the sentence imposed on Count 1 of 2243-17.

On Count 3 of 2243-2017, unlawful contact with a minor, not less than five and a half (5.5) nor more than eleven (11) years' imprisonment to run concurrently with the sentences imposed on Count 1 and Count 2 of 2243-2017.

On Count 4 of 2243-2017, statutory sexual assault, not less than one and half (1.5) nor more than two (2) years' imprisonment, to run consecutively with Count 1 and Count 2 of 2243-17.

On Count 5 of 2243-2017, criminal use of a communication facility, seven (7) years' probation to run consecutively to Count 4 of 2243-17.

On Count 6 of 2243-2017, corruption of minors, five (5) years' probation to run concurrently with Count 5 of 2243-17.[1]

On Count 1 of 1608-2017, unlawful contact with a minor, not less than one (1) nor more than two (2) years' imprisonment.

_____

[1] The Sex Offender Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10–9799.41. "SORNA was enacted on December 20, 2011, and became effective on December 20, 2012. SORNA recently was amended on February 21, 2018, by H.B. 631, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 10 of 2018." ***Commonwealth v. Golson***, 189 A.3d 994, 1003 (Pa.Super. 2018). The Act was further amended on June 12, 2018, by H.B. 1952, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 29 of 2018.

On Count 2 of 1608-2017, unlawful contact with a minor, not less than one (1) nor more than (2) years' imprisonment, to run concurrently with Count 1 of 1608-2017.

On Count 3 of 1608-2017, obscene and other sexual materials and performances, five (5) years' probation, to run consecutively to Count 2 of 1608-2017.

On Count 4 of 1608-2017, obscene and other sexual materials and performances, five (5) years' probation to run concurrently with Count 3 of 1608-2017.

On Count 5 of 1608-2017, criminal use of a communication facility, five (5) years' probation, to run concurrently to Count 3 and Count 4 of 1608-2017.

Finally, the undersigned directed that [Appellant] register as a tier three sex offender under SORNA for the requisite lifetime period (N.T. February 9, 2018, p. 81).[2]

On March 6, 2018, Assistant Public Defender Raymond D. Roberts, Esquire, filed a timely notice of direct appeal to the Superior Court of Pennsylvania on [Appellant's] behalf:[2] By order dated March 9, 2018, the undersigned directed the filing of a statement of the errors complained of on appeal, pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). On March 14, 2018. Mr. Roberts filed [Appellant's] Rule 1925(b) statement.

In his 1925(b) statement, [Appellant] challenges the legality of the registration requirements imposed by the convictions under docket numbers 2243-2017 and 1608-2017. [Appellant] further

---

[2] We note that Pursuant to Rule 582 (B)(1) of the Pennsylvania Rules of Criminal Procedure, the Commonwealth provided notice that Criminal Information No. 1608-2017, and Criminal Information No. 2243-2017, would be joined for the purpose of trial and in doing so indicated that joinder was appropriate pursuant to Pa.R.Crim.P. 582 (A)(1)(a). However, Appellant's notice of appeal lists both docket numbers, despite the fact they are separate matters. Although this was a common practice, on June 1, 2018, the Pennsylvania Supreme Court filed its decision in **Commonwealth v. Walker**, ____ Pa. _____, 185 A.3d 969 (2018), holding that Pa.R.A.P. 341(a) requires "that when a single order resolves issues arising on more than one lower court docket, separate notices of appeal must be filed. The failure to do so will result in quashal of the appeal." **Id.** at 977 (footnote omitted). However, the **Walker** Court announced the decision would be applied prospectively only. **See id.** Therefore, because the notice of appeal in the present case was filed before **Walker**, we need not quash this appeal.

asserts, pursuant to **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017), that all of the mandatory registration requirements exceed the statutory maximum sentence that [Appellant] could receive on his convictions, thereby illegally punishing [Appellant]. Finally, [Appellant] contends that the registration requirements implemented under docket number 2243-2017, related to incidents that occurred between January 1, 2010 and March 31, 2010, cannot be implemented, as the registration requirements under SORNA cannot be applied retroactively. . . .

_____

[1] During sentencing, this [c]ourt erroneously referred to Count 6 as a second Count 5. (N.T. February 9, 2018, p. 81).

[2] The sentencing sheet under docket number 1608-2017 mistakenly required that [Appellant] register for life under SORNA. This was an oversight, as the guilty plea colloquy of August 23, 2017 was correct in stating on the record and informing [Appellant] correctly of the twenty five (25) year registration requirement under docket 1608-2017 and the lifetime requirement under 2243-2017. (N.T. August 23, 2017, pp. 11-12). The sentencing sheet has been corrected to reflect the 25 year registration requirement imposed by SORNA for docket number 1608-2107.

[3] Subsequent to the filing of this Appeal, Attorney Roberts resigned from his position with the Montgomery County Public Defender's office.

Trial Court Opinion, filed 7/11/18, at 1-3.

Appellant raises the following Statement of the Questions Involved:

1.    Did the [t]rial [c]ourt improperly impose a lifetime reporting requirement on [Appellant] pursuant to Pennsylvania's Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10 to 9799.41 for the charges found on bills of information CP-46-CR-0002243-2017?

2.    Did the [t]rial [c]ourt improperly impose a lifetime reporting requirement on [Appellant] pursuant to Pennsylvania's Sex Offender Registration and Notification Act ("SORNA"), 42 Pa.C.S.A. §§ 9799.10 to 9799.41 for the charges found on bills of information CP-46-CR-0001608-2017?

Brief for Appellant at 2.

Appellant summarizes his arguments on these claims as follows:

SORNA, 42 Pa.C.S. §§ 9791-9799.9, effective December 20, 2012, was declared to be punitive and thus *ex post facto* punishment in *Commonwealth v. Muniz*, 164 A.3d 1189 (Pa. 2017). [Appellant] was sentenced pursuant to SORNA. All the offenses on bills of information 2243-2017 occurred prior to December 20, 2012. Thus, applying SORNA registration requirements on [Appellant] pursuant to those counts is *ex post facto* punishment.

In response to *Muniz* and its progeny, the General Assembly enacted Act 29 of 2018, P.L. 140 (H.B. 1952)(June 12, 2018). This law replaced SORNA and set up a two-track registration program- Subchapter H, which is nearly identical to SORNA; and Subchapter I, which models Megan's Law II, at least in terms of the length of registration ("SORNA II"). SORNA II is unconstitutional as applied to [Appellant] for offenses committed on bills of information 2243-2017.

The [c]ourt also ordered lifetime registration for the offenses on bills of information 1608-2017. This is clearly in error. The offenses for which [Appellant] pleaded guilty on 1608-2017 are Tier II offenses. Thus, twenty-five year registration is mandated. The sexual offender registration colloquy [Appellant] signed reflects the appropriate registration length of 25 years. This illegal sentence of lifetime registration appears to be the result of a scrivener's error and needs to be corrected.

Brief of Appellant at 6-7.

Our standard of review following a plea of guilty is well-settled. "A plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses and waives the right to challenge anything but the legality of [the] sentence and the validity of [the] plea." **Commonwealth v. Dixon**, 161 A.3d 949, 951 (Pa. Super. 2017) (citation omitted) (brackets in original). As Appellant's issues present challenges to the legality of his sentence, our scope and standard of review is as follows:

> The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

*Id.* (citation omitted).

Herein, the trial court states that "[u]nder Megan's Law II, an offender who was convicted of involuntary deviate sexual intercourse, as in the case of [Appellant], was subjected to a lifetime registration requirement. As such, whether under SORNA, Megan's Law III, or its predecessor, Megan's Law II, Appellant would be a lifetime registrant." Trial Court Opinion, filed 7/11/18, at 6. The trial court further reasons that "[s]hould it be determined that SORNA was not to be retroactively applied at the time of [Appellant's] sentencing, it would result in harmless error, given that [Appellant] would be subject to a lifetime registration requirement under both Megan's Law II and Megan's Law III." *Id*. For the reasons that follow, such a conclusion is in error.

In ***Muniz***, our Supreme Court held that SORNA's Subchapter H registration requirements constitute criminal punishment. ***Muniz***, 640 Pa. at 748, 164 A.3d at 1218. Accordingly, the Court held that retroactive application of SORNA's Subchapter H requirements to defendants whose crimes occurred prior to SORNA's effective date (December 20, 2012) violated the *ex post facto* clause. ***Id.*** at 749, 164 A.3d at 1218. Additionally, Megan's

Law III also was deemed unconstitutional by our Supreme Court in **Commonwealth v. Neiman**, 624 Pa. 53, 61, 84 A.3d 603, 607 (2013), for violating the single-subject rule of Article III, Section 3 of the Pennsylvania Constitution. Consequently, Megan's Law III is no longer a statute under which registration requirements may be imposed.

In response to our Supreme Court's decision in **Muniz** and this Court's decision in **Commonwealth v. Butler**, 173 A.3d 1212 (Pa.Super. 2017) (holding trial courts no longer can designate convicted defendants as sexually violent predators or hold SVP hearings "until our General Assembly enacts a constitutional designation mechanism[]" **Id**. at 1217) the Pennsylvania General Assembly passed Acts 10 and 29 of 2018. The express purpose of both legislative enactments was to cure SORNA's constitutional defects. **See** 42 Pa.C.S.A. § 9799.51(b)(4) ("it is the intention of the General Assembly to address [**Muniz** and **Butler**]"). Specifically, our General Assembly modified Subchapter H's registration requirements for those offenders convicted of committing offenses that occurred on or after SORNA's effective date, *i.e.*, December 20, 2012. Our General Assembly also added Subchapter I to Title 42, Part VII, Chapter 97. Subchapter I sets forth the registration requirements that apply to all offenders convicted of committing offenses on or after Megan's Law I's effective date (April 22, 1996), but prior to SORNA's effective date.

Herein, Appellant pled guilty to charges at two separate docket numbers for criminal conduct that occurred in 2010 and in 2017. Because SORNA was enacted in December 2012, the conduct occurring between January 1, 2010, and March 31, 2010, predated SORNA. Therefore, "application of [SORNA] would inflict greater punishment on [A]ppellant than the law in effect at the time he committed his crime" and thus, the statute cannot be applied retroactively to Appellant without violating the *ex post facto* clause of the Pennsylvania constitution. **See Muniz**, at 706, 164 A.3d at 1192-93, 1196.

In light of the foregoing we are constrained to vacate the trial court's February 9, 2018, judgment of sentence to the extent it imposes a Megan's Law III registration requirement upon Appellant for bill of information 2243-17. We remand for the trial court to determine what, if any, registration requirements apply to Appellant for these crimes under the current law.[3] For instance, the Commonwealth argues that Act 29, which amended Act 10, remedied the issues presented in **Muniz** and, therefore, Appellant would "still be obligated to register as a sex offender for life based on his underlying

---

[3] **See** Act of February 21, 2018, P.L. 27, No. 10 ("commonly referred to as Act 10"). Act 10 amended several existing provisions of SORNA and also added several new sections found at 42 Pa.C.S.A. §§ 9799.42, 9799.51-9799.75. In addition, the Governor recently signed new legislation striking the Act 10 amendments and reenacting new SORNA provisions, effective June 12, 2018. **See** Act of June 12, 2018, P.L. 1952, No. 29. Accordingly, it is appropriate for the trial court to discern, in the first instance, what registration provisions apply in this case.

offense of conviction and the registration statute in effect at the time of his original plea and sentencing." Commonwealth's Brief at 45. On remand, the Commonwealth may present this argument to the trial court. The trial court shall then determine whether Act 29 remedied the issues presented in *Muniz* and, depending on the resolution of that inquiry, which registration provision applies in this case. In all other respects, we affirm Appellant's judgment of sentence at docket number 2243-2017.

Moreover, the trial court's imposing registration requirements under SORNA for the crimes to which Appellant pled guilty that occurred after December 20, 2012, specifically between January 17, 2017, and February 15, 2017, was legal. Indeed, Appellant acknowledges that the offenses to which he pled guilty at docket number 1608-2017 constitute Tier II offenses and, thus, a twenty-five year registration period is mandated. Brief for Appellant at 15. While Appellant states that the trial court did not address this error in its Opinion, *see* Brief for Appellant at 15, the trial court did explain in its Rule 1925(a) Opinion that the sentencing sheet erroneously required Appellant to register for life for the offenses on 1608-2017. The trial court explains "[t]his was an oversight, as the guilty plea colloquy of August 23, 2017, was correct in stating on the record and informing [Appellant] correctly of the twenty five (25) year registration requirement under docket 1608-2017 and the lifetime requirement under 2243-2017. (N.T. August 23, 2017, pp. 11-12)[.]" Trial Court Opinion, filed 7/11/18, at 3 n. 2. The trial court indicates that the

sentencing sheet has been corrected to reflect the twenty-five year registration requirement imposed for docket number 1608-2017 under SORNA. *Id*. Therefore, this issue is moot.

Judgment of sentence vacated in part and affirmed in part. Case remanded for further proceedings consistent with this Opinion. Jurisdiction relinquished.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

*Date: 12/24/2018*