J-S18035-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                            : PENNSYLVANIA
                                            :
               v.                         :
                                            :
                                            :
DARREN LEE MILLER, II         :
                                            :
            Appellant             :    No. 1724 MDA 2018

Appeal from the Judgment of Sentence Entered August 27, 2018
In the Court of Common Pleas of Northumberland County Criminal
Division at No(s):  CP-49-CR-0000037-2017,
CP-49-CR-0000221-2017

BEFORE:   BOWES, J., NICHOLS, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:         **FILED: MAY 3, 2019**

Appellant Darren Lee Miller, II, appeals the judgment of sentence entered by the Court of Common Pleas of Northumberland County he pled guilty to two counts of robbery and terroristic threats.  Appellant claims the lower court abused its discretion in imposing consecutive sentences.  Based on our Supreme Court's recent decision in ***Commonwealth v. Walker***, ___Pa.___, 185 A.3d 969 (2018), we are constrained to quash the appeal.

On December 6, 2016, at approximately 11:16 a.m., Appellant entered the BB&T Bank in Kulpmont Borough wearing a black hood, gloves, and dark sunglasses. He threatened the bank teller, indicating that she had "five seconds to put everything in [his] bag or he'd start shooting."  Plea Hearing, 4/26/18, at 6-7.  The bank teller handed over approximately $6,186.00 to Appellant.  The bank manager activated the alarm as Appellant was fleeing.

_____
\*   Former Justice specially assigned to the Superior Court.

On December 12, 2016, at approximately 2:09 p.m., Appellant entered the Riverview Bank in Trevorton and told the bank teller to hand him all the money. The bank teller placed approximately $5,676.00 in Appellant bag, after which Appellant fled the bank.

Appellant thereafter was arrested and charged with these robberies. On April 26, 2018, Appellant pled guilty to robbery (second-degree felony) and terroristic threats on docket number CP-49-CR-0000037-2017 for the December 6, 2016 robbery of the BB&T Bank. On the same day, Appellant pled guilty to robbery (second-degree felony) on docket number CP-49-CR-0000221-2017 for the December 12, 2016 robbery of the Riverview Bank.

On August 27, 2018, Appellant proceeded to sentencing for both cases. At docket CP-49-CR-0000037-2017, the trial court imposed concurrent sentences of two to five years' imprisonment for robbery and one to five years' imprisonment for terroristic threats. At docket CP-49-CR-0000221-2017, the trial court imposed a sentence of two to five years' imprisonment for robbery and directed that this sentence be served consecutively to the sentences at docket CP-49-CR-0000037-2017. Appellant filed a timely post-sentence motion, which the trial court subsequently denied.

On October 9, 2018, Appellant filed one notice of appeal listing both docket numbers in the caption. Thereafter, this Court issued a rule to show cause, requiring Appellant to show why the appeal should not be quashed pursuant to **Walker**. Appellant filed a response and the issue was deferred to this panel for review.

The Official Note to Pa.R.A.P. 341 provides, in relevant part:

> Where … one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. ***Commonwealth v. C.M.K.***, 932 A.2d 111, 113 & n.3 (Pa.Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

Until recently, we recognize that it was common practice for courts of this Commonwealth to allow appeals to proceed, even if they failed to conform with Pa.R.A.P. 341. ***See In the Interest of P.S.***, 158 A.3d 643 (Pa.Super. 2017). However, on June 1, 2018, our Supreme Court, in ***Walker***, ***supra***, held that this practice violates Pa.R.A.P. 341. Specifically, our Supreme Court held that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." ***Walker***, 185 A.3d at 971.

The Court concluded that "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal. . . .The failure to do so requires the appellate court to quash the appeal." ***Id.*** at 976-77. ***See Commonwealth v. Luciani***, 201 A.3d 802, 805 n.2 (Pa.Super. 2018) (recognizing that, despite the fact that charges filed at two separate lower court docket numbers are joined for trial, under ***Walker***, ***supra***, appellants are required to file separate notices of appeal). The Supreme Court provided that its decision would apply prospectively to appeals filed after June 1, 2018, the date ***Walker*** was filed.

In the case *sub judice*, Appellant's single notice of appeal was filed on October 9, 2018. Under current precedent, our Supreme Court mandates that Appellant was to file a separate notice of appeal for each lower court docket number. Consequently, since Appellant's notice of appeal, which arises from two lower court docket numbers, was filed after **Walker**, we quash the appeal.

Appeal quashed. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2019