J-A23040-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEPHEN JAMES MANNING | |
| Appellant | No. 153 WDA 2018 |

Appeal from the Judgment of Sentence imposed January 5, 2018
In the Court of Common Pleas of Butler County
Criminal Division at No: CP-10-CR-0002201-2016

BEFORE:  BOWES, SHOGAN AND STABILE, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED  JUNE 19, 2019**

Appellant, Stephen James Manning, appeal from the judgment of sentence the Court of Common Pleas imposed January 5, 2018.  Appellant challenges the legality of the sentence under ***Commonwealth v. Muniz***, 164 A.3d 1189 (Pa. 2017).  Upon review, we vacate the judgment of sentence in part, affirm in part, and remand to the trial court for proceedings consistent with this memorandum.

The relevant factual and procedural background can be summarized as follows. On January 5, 2018, following Appellant's convictions of two counts of indecent assault,[1] the court ordered Appellant to register as a sex offender

---

[1] According to the criminal information and guilty plea, the underlying crimes were committed between October 1, 1996 and June 12, 1997.

for life under SORNA[2], as in effect at the time of sentencing. Appellant timely appealed, arguing that the sentence imposed was illegal to the extent it ordered Appellant to lifetime registration for criminal conduct that occurred prior to the effective date of SORNA.

The parties and the trial court maintain that **Muniz** is applicable here. We agree. SORNA cannot be applied to offenses, like here, that took place before the effective date of SORNA. **See Commonwealth v. Lippincott,** \_\_\_ A.3d \_\_\_\_, 2019 WL 1612677 (Pa. Super 2019) (*en banc*); **Commonwealth v. Wood**, \_\_\_ A.3d \_\_\_\_, 2019 WL 1595871 (Pa. Super. 2019) (*en banc*) **Commonwealth v. Luciani**, 201 A.3d 802 (Pa. Super. 2018); **Commonwealth v. Horning**, 193 A.3d 411 (Pa. Super. 2018). Therefore, we are constrained to vacate the judgment of sentence to the extent it imposes SORNA registration requirements on Appellant.

On appeal, the Commonwealth argues, without any meaningful explanation, that Appellant's registration requirement originally imposed is proper under the current version of SORNA (**see** Act of February 21, 2018, P.L. 27, No. 10 ("Act 10"); and Act of June 12, 2018, P.L. 1952 No. 29 ("Act 29")[3]. Appellant, on the other hand, argues that he is not subject to any registration requirements, including those existing at time he committed the

---

[2] Sex Offender Registration and Notification Act (SORNA), 42 Pa.C.S.A. §§ 9799.10-9799.41.

[3] Our Supreme Court recently granted review to determine the issue of whether Acts 10 and 29 are constitutional. **See Commonwealth v. Lacombe**, 35 MAP 2018 (Pa. 2018).

crimes, because those requirements have expired upon the entry into force of SORNA. The trial court did not address either argument. We are constrained, therefore, to remand to the trial court to determine what, if any, registration requirements apply to Appellant. **See Lippincott**, **Wood**, **Luciani**.

Judgment of sentence vacated in part and affirmed in part. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/19/2019