J-S28026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID SCOTT RICE | : | |
| | : | |
| Appellant | : | No. 1713 MDA 2018 |

Appeal from the PCRA Order Entered September 27, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0003324-2011

BEFORE:   BOWES, J., McLAUGHLIN, J., and STRASSBURGER*, J.

MEMORANDUM BY McLAUGHLIN, J.:                    **FILED JULY 05, 2019**

David Scott Rice appeals from the order denying his Petition filed under

the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Rice

specifically challenges the potential application of the Sex Offender

Registration and Notification Act, 42 Pa.C.S.A. §§ 9799.10-9799.41

("SORNA"), and the amendments thereto found in Acts 10 and 29 of 2018.

***See*** 2018 Pa. Legis. Serv. Act 2018-10 (approved February 21, 2018) ("Act

10"), 2018 Pa. Legis. Serv. Act 2018-29 (approved June 12, 2018) ("Act 29").

We affirm in part, vacate in part, and remand for further proceedings.

The underlying facts and procedural history of this case are well known

to the parties. For instant purposes, we note that Rice pled guilty, in May

_____

*   Retired Senior Judge assigned to the Superior Court.

2013,[1] to 105 counts of possession of child pornography.[2] The trial court sentenced Rice to an aggregate term of 12½ to 25 years' incarceration. Rice was required to register under SORNA, which took effect in December 2012.

In a timely PCRA petition, Rice claimed that his trial counsel was *per se* ineffective for failing to file a direct appeal. This Court ultimately agreed and reinstated Rice's direct appeal rights in January 2017. Rice filed an appeal, which this Court dismissed in 2017. Thereafter, Rice filed a timely, *pro se* PCRA petition in September 2017. After the trial court appointed counsel, Rice filed the instant amended PCRA petition on February 5, 2018. The sole issue raised in Rice's amended petition centered around his claim that his registration and reporting requirement under SORNA constituted *ex post facto* impermissible punishment pursuant to the Pennsylvania Supreme Court's ruling in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017).[3]

However, while Rice's instant petition was pending, the Pennsylvania legislature enacted Act 10 and Act 29 in an effort to address the constitutional defects set forth in **Muniz**. **See** 42 Pa.C.S.A. § 9799.51(b)(4) ("it is the intention of the General Assembly to address [**Muniz** and **Butler**]"). In

_____

[1] Rice was originally charged in June 2011.

[2] 18 Pa.C.S. § 6312(d)(1).

[3] This Court subsequently applied **Muniz** in **Commonwealth v. Butler**, 173 A.3d 1212, 1217 (Pa.Super. 2017), *appeal granted*, 190 A.3d 581 (Pa. 2018) (holding that defendants could no longer be designated as sexually violent predators (SVPs) until the Pennsylvania General Assembly enacted a "constitutional designation mechanism.")

response, the Commonwealth filed a motion to dismiss Rice's petition as moot. Rice did not respond to the Commonwealth's motion and on August 24, 2018, the trial court issued Pa.R.Crim.P. 907 notice to dismiss. Within the notice, the trial court briefly discussed Act 10 and found the Act to be constitutional, despite Rice having never raised nor briefed the issue before the PCRA court. In September 2018, the PCRA court dismissed Rice's petition. Rice filed the instant timely appeal and the PCRA court did not order a Pa.R.A.P. 1925(b) statement. On November 13, 2018, the PCRA Court issued a Pa.R.A.P. 1925(a) opinion.

On appeal, Rice raises a single issue for our review: "Did the PCRA court err when it denied [Rice's] petition for post conviction relief when it dismissed [Rice's] pleading without a hearing?" Rice's Br. at 4. In his appellate brief, Rice argues, for the first time, that the application of Act 10 to him would constitute *ex post facto* punishment because this law was not in place either at the time of the criminal acts at issue or at the time of his conviction.

Despite Rice's argument here, we note that at the time he filed the instant PCRA petition, neither Act 10 nor Act 29 had been enacted. Therefore Rice did not challenge either Act 10 or Act 29 in his PCRA petition nor did he attempt to raise a constitutional challenge to either Act at any time in the PCRA court. Therefore, the question of whether Act 10 and Act 29 are constitutional, as applied to Rice, is not properly before us and we decline to

address this issue on appeal.[4] ***See Commonwealth v. Lippincott*** \_\_\_ A.3d \_\_\_, 2019 PA Super 118, at \*8 (Pa.Super. April 15, 2019) (*en banc*) (holding that the question of the constitutionality of Act 10 and Act 29 was not properly before the Court where the defendant had been sentenced prior to the enactment of this legislation); ***Commonwealth v. Luciani***, 201 A.3d 802, 808 (Pa.Super. 2018) (holding that trial court, on remand, should determine whether Act 29 applied to the defendant who when originally sentenced was required to register pursuant to SORNA).

However, because the application of SORNA to individuals convicted of committing offenses prior to SORNA's effective date has been held to violate the *ex post facto* clause of the Pennsylvania Constitution, Rice's registration and reporting requirement must be vacated. ***See Muniz*** at 164 A.3d at 1192-93, 1196. Although Rice was convicted in 2013, after the effective date of SORNA in 2012, his conviction stemmed from offenses he committed prior to 2012. Therefore, we conclude that Rice is not required to register under SORNA as originally enacted prior to Act 10 and Act 29. ***See id.*** Nevertheless, we remand to the trial court to determine the appropriate reporting and registration requirements applicable to Rice under current law. ***See Lippincott***, 2019 PA Super 118, at \*8; ***Luciani***, 201 A.3d at 808.

---

[4] The issue of whether Act 10 and Act 29 are constitutional is currently pending before the Pennsylvania Supreme Court. ***See Commonwealth v. Lacombe***, 35 MAP 2018 (Pa. 2018)

Accordingly, we vacate Rice's judgment of sentence only in regard to his reporting and registration requirements under SORNA, affirm the judgment in all other respects, and remand for a determination of Rice's registration and reporting requirements under current law.[5]

Judgement of sentence vacated in part and affirmed in part. Case remanded for further proceedings consistent with this memorandum. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 07/05/2019

---

[5] We note that Rice couches his issue on appeal as one involving the ineffective assistance of his trial counsel. Specifically, Rice briefly avers that counsel was ineffective for failing to object to the application of SORNA, even though SORNA was not yet deemed unconstitutional at the time of his sentencing. Rice does not engage in an ineffective assistance of counsel analysis and in light of our disposition, vacating Rice's reporting and registration requirement under SORNA on constitutional grounds, we need not address Rice's ineffective assistance of counsel contention.