J-S05001-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN F. DAVIS | : | |
| | : | |
| Appellant | : | No. 705 WDA 2018 |

Appeal from the Judgment of Sentence April 24, 2018
In the Court of Common Pleas of Butler County Criminal Division at
No(s): CP-10-CR-0001630-2016

BEFORE: PANELLA, P.J., NICHOLS, J., and STRASSBURGER*, J.

MEMORANDUM BY PANELLA, P.J.:                **FILED AUGUST 15, 2019**

John F. Davis appeals from the judgment of sentence imposed following his guilty plea to indecent assault of a person less than thirteen years of age and related sexual offenses. He claims his designation as a sexually violent predator ("SVP") under the Sexual Offender Registration and Notification Act ("SORNA")[1] was an unconstitutional application of an *ex post facto* law. We recognize that under controlling case law the SVP designation procedure under SORNA has been held to be unconstitutional. Accordingly, we reverse the imposition of SVP status, but affirm the judgment of sentence in all other respects.

_____

* Retired Senior Judge assigned to the Superior Court.

[1] **See** 42 Pa.C.S.A. § 9799.24(e)(3).

On March 6, 2017, Davis pleaded guilty to indecent assault (person less than thirteen years of age), 18 Pa.C.S.A. § 3126(a)(7); unlawful contact with a minor, 18 Pa.C.S.A. § 6318(a)(1); and three counts of endangering the welfare of children, 18 Pa.C.S.A. § 4304(a)(1).  Davis committed the offenses on children between the ages of two and six at the day care service operated by his wife in their home.  **See** N.T. Plea Proceedings, 3/06/17, at 3-4. The trial court accepted Davis's guilty plea.

On April 24, 2018, after evaluation by a member of the Sexual Offenders Assessment Board (SOAB) and a hearing, the court found Davis to be a sexually violent predator (SVP).[2]  **See** Order, 4/24/18.  The court then imposed an aggregate sentence of not less than eleven and one-half nor more than twenty-three months' imprisonment followed by one hundred and twenty months of probation, with credit for time served.  **See** N.T. SVP and Sentence Proceedings, 4/24/18, at 38. This timely appeal followed.[3]

Davis presents two questions for our review on appeal:

I. Whether the current statutory mechanism by which defendants are deemed sexually violent predators is unconstitutional where it exposes defendants to increased [penalties] with the required fact-finding to be made by the trial court by clear and convincing evidence and not proof beyond a reasonable doubt?

---

[2] **See** 42 Pa.C.S.A. § 9799.58; Act 2018, Feb. 21, P.L. 27, No. 10, § 19, immediately effective ("Act 10"); reenacted 2018, June 12, P.L. 140, No. 29, § 18, immediately effective ("Act 29").

[3] Both Davis and the trial court complied with Pa.R.A.P. 1925.

II. Whether the new SORNA provisions [applied] to Appellant constituted an *ex post facto* law?

Appellant's Brief, at 10 (unnecessary capitalization omitted).[4]

Appellant's argument relies chiefly on our Supreme Court's decision in **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017) (Opinion Announcing the Judgment of the Court), *cert. denied*, **Pennsylvania v. Muniz**, 138 S. Ct. 925 (2018), and this Court's subsequent holding in **Commonwealth v. Butler**, 173 A.3d 1212, 1213 (Pa. Super. 2017), *reargument denied* (Jan. 3, 2018), *appeal granted*, 190 A.3d 581 (Pa. 2018). He argues these cases render the current procedure for designating a convicted defendant an SVP to be unconstitutional.[5] **See** Appellant's Brief, at 17. Under **Muniz** and **Butler**, we agree.

---

[4] In addition to Appellant's Brief, and the Brief for the Appellee by the First Assistant District Attorney of Butler County, we also have the benefit of a brief for the Pennsylvania State Police, and the Pennsylvania Office of the Attorney General, as Intervenors, filed, with permission, by the Office of the Attorney General.

[5] It bears noting that our Supreme Court has granted allowance of appeal in **Butler**:

> **AND NOW**, this 31st day of July, 2018, the Petition for Allowance of Appeal is **GRANTED**. The issue, as stated by Petitioner, is as follows:
>
> Whether the Superior Court of Pennsylvania erred in vacating the trial court's Order finding [Respondent] to be [a Sexually Violent Predator ("SVP") ] by extrapolating the decision in **Commonwealth v. Muniz**, 640 Pa. 699, 164

The ***Butler*** Court concluded that a challenge to the SORNA registration requirements, determined to be a criminal punishment in ***Muniz***, presented an issue of legality of sentence. ***See Butler***, 173 A.3d at 1215 (citing ***Muniz***, 164 A.3d at 1218); ***see also*** 42 Pa.C.S.A. § 9799.24(e)(3).

"We review the legality of a sentence *de novo* and our scope of review is plenary." ***Butler***, 173 A.3d at 1215 (citation omitted). Moreover, "[o]ur Supreme Court has instructed that we must presume that statutes are constitutional and in order to declare a statute unconstitutional it must clearly, plainly, and palpably violate the constitution." ***Id.*** (some brackets and citation omitted).

In ***Muniz***, a plurality of the Pennsylvania Supreme Court concluded that the registration requirements of the former version of SORNA (42 Pa.C.S.A. §§ 9799.10–9799.41), as applied retroactively, were punitive, and therefore unconstitutional under the *ex post facto* clauses of the United States and Pennsylvania Constitutions. ***See Muniz***, 164 A.3d at 1223.

---

A.3d 1189 (2017),] to declare SVP hearings and designations unconstitutional under 42 Pa.C.S. § 9799.24(e)(3).

The Prothonotary is directed to provide notice of this Order to the Attorney General, who is invited to participate as an *amicus curiae*.

***Commonwealth v. Butler***, 190 A.3d 581, 582 (Pa. 2018) (brackets in original).

- 4 -

A panel of this Court subsequently applied *Muniz* in *Butler*, 173 A.3d 1212, 1217 (Pa. Super. 2017), holding that trial courts cannot constitutionally apply SORNA's SVP determination procedures. We explained that doing so would unconstitutionally deprive a criminal defendant of the right to have a jury determine whether the Commonwealth had proven all elements of the crime charged beyond a reasonable doubt. *See Butler*, 173 A.3d at 1217.

Similarly, applying *Butler* in a later decision, we said:

> *Butler* determined that, as a result of *Muniz*, the SVP procedure is subject to the constitutional requirement that the facts constituting that punishment must be found by a fact-finder beyond a reasonable doubt. Thus, 42 Pa.C.S. § 9799.24(e)(3), which requires the trial court to find the relevant facts by clear and convincing evidence, was deemed unconstitutional.

*Commonwealth v. Tighe*, 184 A.3d 560, 583 (Pa. Super. 2018).

The *Butler* Court concluded that trial courts cannot designate convicted defendants SVPs, nor may they hold SVP hearings, until our General Assembly enacts a constitutional designation mechanism. Instead, as we have previously noted, trial courts must notify a defendant that he or she is required to register for life if, as here, he or she is convicted of a Tier III sexual offense. *See Butler*, 173 A.3d at 1218.

The Pennsylvania Legislature has endeavored to resolve the issues raised in *Muniz* (and later, *Butler*) by passing a law to replace the invalidated

portions of SORNA, ("Act 10," amended and reenacted as "Act 29").[6] However, Act 29 does not amend the SVP provisions in 42 Pa.C.S.A. § 9799.24, Assessments, which still provides that the trial court determine SVP status by the less stringent standard of "clear and convincing evidence" rather than by the standard of proof beyond a reasonable doubt required for criminal punishment. *See* 42 Pa.C.S.A. § 9799.24(e)(3).

Following the holdings in *Muniz* and *Butler*, we conclude that the procedure by which the trial court imposed Davis' SVP status constituted an illegal sentence. Therefore, we vacate the trial court's imposition of SVP status, but affirm the judgment of sentence in all other respects. We remand to the trial court "for the purpose of issuing revised notice of [the applicable] registration requirements."[7] Appellant's Brief, at 35.

Because we vacate the trial court's SVP order, as requested by Davis, we need not address the remaining issues he raises on appeal, which contest his SVP designation on other grounds.

_____

[6] SORNA was enacted on December 20, 2011, and became effective on December 20, 2012. SORNA was amended on February 21, 2018, by H.B. 631, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 10 of 2018. The Act was further amended on June 12, 2018, by H.B. 1952, 202 Gen. Assem., Reg. Sess. (Pa. 2018), Act 29 of 2018.

[7] *See Commonwealth v. Luciani*, 201 A.3d 802, 808 (Pa. Super. 2018) (remanding to trial court to discern, in first instance, what registration provisions applied to appellant).

Sexually Violent Predator designation reversed. Case remanded to the trial court for proceedings consistent with this memorandum. Judgment of sentence affirmed in all other aspects. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2019