**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN BOYD MORROW | : | |
| | : | |
| Appellant | : | No. 1806 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 23, 2018
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0000886-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOHN BOYD MORROW | : | |
| | : | |
| Appellant | : | No. 1807 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 23, 2018
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0000887-2017

BEFORE:   GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED OCTOBER 22, 2019**

Appellant John Boyd Morrow appeals from the judgments of sentence entered by the Court of Common Pleas of Franklin County on two separate dockets.  After careful review, we are constrained to quash this appeal.

In April 2017, Appellant was charged at docket number 886-2017 with burglary, trespass, indecent assault, unlawful restraint, terroristic threats, simple assault, and strangulation.  Appellant was charged at docket number

_____

*   Former Justice specially assigned to the Superior Court.

887-2017 with indecent assault and criminal assault.  The Commonwealth filed a motion to join the cases for trial, which the trial court subsequently granted.

On February 23, 2018, the jury convicted Appellant of all charges on both dockets.  On May 23, 2018, the trial court imposed an aggregate term of 360-740 months' incarceration for the convictions at docket number 886-2017.  At docket 887-2017, the trial court imposed a concurrent term of 300-600 months' incarceration for the indecent assault conviction and a consecutive 12-24 month term for the simple assault conviction.  Appellant filed a post-sentence motion, which the trial court subsequently denied in a single order listing both docket numbers.

On October 31, 2018, Appellant filed a notice of appeal listing both docket numbers.  The original notice of appeal was filed at docket number 887-2011; a photocopy of that notice of appeal was placed in the record for docket number 886-2011.  On January 17, 2018, this Court *sua sponte* consolidated the two cases into one appeal.

On January 18, 2019, this Court issued a Rule to Show Cause for Appellant to explain why his appeal should not quashed pursuant to **Commonwealth v. Walker**, ___Pa.___, 185 A.3d 969, 971 (Pa. 2018) (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases").  On January 30, 2019, Appellant filed a counseled response, claiming the appeal should not be quashed as the lower court joined the two cases for trial at the

Commonwealth's request. On February 5, 2018, this Court discharged the Rule to Show Cause and referred the matter to the merits panel.

The Official Note to Pa.R.A.P. 341 provides, in relevant part:

> Where … one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. **Commonwealth v. C.M.K.**, 932 A.2d 111, 113 & n.3 (Pa.Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

Until recently, courts of this Commonwealth would allow appeals to proceed even if they failed to conform with Pa.R.A.P. 341. **See In the Interest of P.S.**, 158 A.3d 643 (Pa.Super. 2017). However, on June 1, 2018, our Supreme Court emphasized in **Walker** that Rule 341 requires that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." **Walker**, 185 A.3d at 971. The Court concluded that "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal. … The failure to do so requires the appellate court to quash the appeal." **Id.** at 976-77. **See Commonwealth v. Luciani**, 201 A.3d 802, 805 n.2 (Pa.Super. 2018) (recognizing that, despite the fact that charges filed at two separate docket numbers are joined for trial, appellants are required to file separate notices of appeal under **Walker**). The Supreme Court provided that its decision applies prospectively to appeals filed after June 1, 2018, the date **Walker** was filed.

In this case, on October 31, 2018, Appellant filed two identical notices of appeal listing both docket numbers. As Appellant's notice of appeal was filed after **Walker** was decided, we must apply the principle set forth in **Walker**. In doing so, we find that Appellant has not complied with **Walker** in filing duplicate notices of appeal listing both docket numbers.

In a similar case, **Commonwealth v. Creese**, ___A.3d___, 2019 PA Super 241 (Pa.Super. Aug. 14, 2019), this Court quashed an appeal where the appellant filed four identical notices of appeal that listed all four docket numbers. This Court provided as follows:

> We read our Supreme Court's decision in **Walker** as instructing that we may not accept a notice of appeal listing multiple docket numbers, even if those notices are included in the records of each case. Instead, a notice of appeal may contain only one docket number. We recognize the severity of this application. However, if we consistently apply **Walker** by quashing any notice of appeal filed after June 1, 2018 that contains more than one docket number, consistent with **Walker**, and regardless of what occurred in the actual filing of that notice of appeal below, it will ultimately benefit appellants and counsel by providing clear guidance on how to satisfy **Walker** and Rule 341(a). Conversely, if we create exceptions to Rule 341 and **Walker** to avoid a harsh result, we will return to a scenario that the amendment to the Official Note and **Walker** sought to abrogate. In addition, we will do a disservice to appellants and counsel by applying the rule in a manner that is both confusing and inconsistent, the latter of which would be patently unfair.

**Creese**, 2019 PA Super 241, at *2.[1]

---

[1] This Court explained how our Prothonotary may treat the appeal when an appellant files a notice of appeal listing multiple docket numbers, even when this notice of appeal is placed in the records for each of the cases:

In light of the aforementioned precedent, we are constrained to quash the appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/22/2019

---

Our Court will then assign an appellate docket number to each case, and either consolidate the appeals by *per curiam* order, or assign them consecutive journal numbers, at which point the panel may then consolidate the appeals if it so chooses. The four captions in this appeal, which were generated administratively, do not cure the **Walker** violation. The clerk of courts have purely ministerial powers. ***See In re Administrative Order***, 594 Pa. 346, 936 A.2d 1, 9 (2007) ("It is 'well settled' in the intermediate appellate courts of this Commonwealth that the role of the Prothonotary of the court of common pleas, while vitally important, is purely ministerial .... Further, as '[t]he Prothonotary is merely the clerk of the court of Common Pleas[,] [h]e has no judicial powers, **nor does he have power to act as attorney for others by virtue of his office**.") (emphasis added)).

***Creese***, 2019 PA Super 241, at *2, n. 2 (emphasis in original).