J-S43038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN DALE KEEFER, SR. | : | |
| | : | |
| Appellant | : | No. 1483 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 2, 2018
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0000327-2015,
CP-28-CR-0001104-2015

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEVIN DALE KEEFER, SR. | : | |
| | : | |
| Appellant | : | No. 1484 MDA 2018 |

Appeal from the Judgment of Sentence Entered May 2, 2018
In the Court of Common Pleas of Franklin County Criminal Division at
No(s):  CP-28-CR-0000327-2015,
CP-28-CR-0001104-2015

BEFORE:   GANTMAN, P.J.E., DUBOW, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:              **FILED OCTOBER 25, 2019**

Appellant, Kevin Dale Keefer, Sr., appeals from the judgments of sentence entered at two separate lower court docket numbers.  After a careful review, we quash this appeal.

_____
*   Former Justice specially assigned to the Superior Court.

The relevant facts and procedural history are as follows: Appellant was charged with various offenses at lower court docket numbers CP-28-CR-0000327-2015 ("0000327-2015") and CP-28-CR-0001104-2015 ("0001104-2015"), and the Commonwealth filed a motion to join the cases for trial, which the trial court granted. Appellant proceeded to a jury trial, at the conclusion of which, at docket number 0000327-2015, the jury convicted Appellant of endangering the welfare of a child, dissemination of explicit sex material to a minor, two counts of unlawful contact with a minor, indecent assault, and corruption of a minor.[1] At docket number 0001104-2015, the jury convicted Appellant of intimidation of a witness, corruption of a minor, and three counts of criminal conspiracy.[2]

On May 2, 2018, at docket number 0000327-2015, the trial court sentenced Appellant to 12 to 42 months in prison for endangering the welfare of a child, 12 to 42 months in prison for one count of unlawful contact with a minor, 12 to 42 months in prison for one count of unlawful contact with a minor, and 12 to 42 months in prison for corruption of minors.[3] The sentences were imposed consecutively. Additionally, on May 2, 2018, at docket number

---

[1] 18 Pa.C.S.A. §§ 4304, 5903, 6318, 3126, and 6301, respectively.

[2] 18 Pa.C.S.A. §§ 4952, 6301, and 903, respectively.

[3] The trial court imposed no further penalty for Appellant's convictions for dissemination of explicit sex material to a minor or indecent assault at docket number 0000327-2015.

0001104-2015, the trial court sentenced Appellant to 12 to 42 months in prison for intimidation of a witness, 9 to 30 months in prison for corruption of a minor, 12 to 42 months in prison for one count of conspiracy, 6 to 24 months in prison for one count of conspiracy, and 9 to 30 months in prison for one count of conspiracy. The sentences were imposed consecutively to each other as well as consecutively to the expiration of the sentences at lower court docket number 0000327-2015. For both cases, Appellant filed a timely post-sentence motion, which the trial court denied on August 8, 2018, in a single order listing both docket numbers.

On September 6, 2018, Appellant filed a notice of appeal listing both docket numbers. Specifically, our review of the certified record reveals that an original notice of appeal was filed at docket number 0001104-2015, and a photocopy of that notice of appeal was placed in the record for docket number 0000327-2015. Appeals for both docket numbers were then entered on this Court's docket, and on September 18, 2018, this Court *sua sponte* consolidated the appeals.

On November 16, 2018, this Court issued a rule to show cause for Appellant to explain why we should not quash the appeal based on our Supreme Court's decision in **Commonwealth v. Walker**, ___ Pa. ___, 185 A.3d 969, 971 (2018) (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases."). **See** Order, filed 11/16/18. On November 28, 2018,

Appellant filed a counseled response in which he averred the appeal should not be quashed since the lower court joined the two cases for trial upon the Commonwealth's request. On December 3, 2018, this Court discharged the rule to show cause and referred the matter to the merits panel.

The Official Note to Rule 341(a) of the Pennsylvania Rules of Appellate Procedure provides, in relevant part:

> Where…one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. **Commonwealth v. C.M.K.**, 932 A.2d 111, 113 & n.3 (Pa.Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

Until recently, courts of this Commonwealth would allow appeals to proceed even if they failed to conform with Pa.R.A.P. 341. **See In the Interest of P.S.**, 158 A.3d 643, 648 (Pa.Super. 2017). However, on June 1, 2018, our Supreme Court held in **Walker** that Rule 341 requires that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." **Walker**, **supra**, 185 A.3d at 971. Our Supreme Court concluded that "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal….The failure to do so requires the appellate court to quash the appeal." **Id.** at 976-77. **See Commonwealth v. Luciani**, 201 A.3d 802, 805 n.2 (Pa.Super. 2018) (recognizing that, despite the fact that charges filed at two separate docket numbers are joined for trial, appellants are required

- 4 -

to file separate notices of appeal under *Walker*). Our Supreme Court provided that its decision in *Walker* applies prospectively to appeals filed after June 1, 2018.

In the case *sub judice*, we apply *Walker* since Appellant's notice of appeal was filed after the *Walker* decision. Here, the record contains two identical notices of appeal listing both lower court docket numbers. After careful consideration, and consistent with existing precedent, we conclude Appellant has not complied with *Walker's* mandate.

In a similar case, ***Commonwealth v. Creese***, ____ A.3d ____, 2019 Pa. Super. 241 (Pa.Super. Aug. 14, 2019), this Court quashed an appeal where the appellant filed a notice of appeal listing four docket numbers that was simply photocopied and placed in each record. In quashing, we held the following:

> We read our Supreme Court's decision in *Walker* as instructing that we may not accept a notice of appeal listing multiple docket numbers, even if those notices are included in the records of each case. Instead, a notice of appeal may contain only one docket number. We recognize the severity of this application. However, if we consistently apply *Walker* by quashing any notice of appeal filed after June 1, 2018 that contains more than one docket number, consistent with *Walker*, and regardless of what occurred in the actual filing of that notice of appeal below, it will ultimately benefit appellants and counsel by providing clear guidance on how to satisfy *Walker* and Rule 341(a). Conversely, if we create exceptions to Rule 341 and *Walker* to avoid a harsh result, we will return to a scenario that the amendment to the Official Note and *Walker* sought to abrogate. In addition, we will do a disservice to appellants and counsel by applying the rule in a manner that is both confusing and inconsistent, the latter of which would be patently unfair.

*Creese*, 2019 PA Super 241, at *2.[4]

Accordingly, consistent with the foregoing precedent, we are constrained to quash the instant appeal.

Appeal Quashed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/25/2019

_____

[4] In **Creese**, we explained how our Prothonotary may treat the appeal when an appellant files a notice of appeal listing multiple docket numbers, even when this notice of appeal is placed in the lower court records for each of the cases:

> Our Court will then assign an appellate docket number to each case, and either consolidate the appeals by *per curiam* order, or assign them consecutive journal numbers, at which point the panel may then consolidate the appeals if it so chooses. The four captions in this appeal, which were generated administratively, do not cure the **Walker** violation. The clerk of courts have purely ministerial powers. **See In re Administrative Order**, 594 Pa. 346, 936 A.2d 1, 9 (2007) ("It is 'well settled' in the intermediate appellate courts of this Commonwealth that the role of the Prothonotary of the court of common pleas, while vitally important, is purely ministerial....Further, as '[t]he Prothonotary is merely the clerk of the court of Common Pleas[,] [h]e has no judicial powers, **nor does he have power to act as attorney for others by virtue of his office**.") (emphasis added)).

**Creese**, 2019 PA Super 241, at *2 n.2 (emphasis in original).