J-A26034-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
      :         PENNSYLVANIA
      :
      v.       :
      :
      :
JOHN THOMAS BIDDLE, JR.     :
      :
      Appellant     :   No. 73 WDA 2019

Appeal from the PCRA Order Entered December 14, 2018
In the Court of Common Pleas of Venango County Criminal Division at
No(s):  CP-61-CR-0000055-2001,
CP-61-CR-0000335-2014, CP-61-CR-0000531-2013,
CP-61-CR-0000539-2013

BEFORE:  SHOGAN, J., LAZARUS, J., and OLSON, J.

MEMORANDUM BY OLSON, J.:           **FILED MARCH 20, 2020**

Appellant, John Thomas Biddle, Jr., appeals from the order entered on December 14, 2018, which denied his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review of the certified record, we are constrained to quash this appeal.

In 2001, Appellant pled guilty, at CP-61-CR-0000055-2001 (hereinafter "Docket 55-2001"), to statutory sexual assault and aggravated indecent assault.[1]  As the PCRA court explained:

> Subsequently, [the trial court] determined that [Appellant] was a sexually violent offender as defined in Megan's Law, 42 Pa.C.S.A. § 9792, *et seq.* . . .  Because of the aggravated indecent assault conviction and sexual[ly] violent offender designation, [Appellant was] required to register as a sexual

---

[1] 18 Pa.C.S.A. §§ 3122.1 and 3125(a)(8), respectively.

offender annually [pursuant to Megan's Law] for the remainder of his life upon release from incarceration.

PCRA Court Opinion, 3/8/19, at 1.

On February 24, 2014, at CP-61-CR-0000531-2013 (hereinafter "Docket 531-2013"), Appellant pled guilty to violating registration requirements for failing to verify his primary residence with the Pennsylvania State Police as required by 18 Pa.C.S.A. § 4915.1(a)(3).  At that time, at CP-61-CR-0000539-2013 (hereinafter "Docket 539-2013"), Appellant also pled guilty to five counts of burglary.[2]  While on bail for the offenses charged at Dockets 531-2013 and 539-2013 but prior to sentencing, Appellant absconded and was arrested by warrant in River Rouge, Michigan on May 1, 2014.   As a result, at CP-61-CR-0000335-2014 (hereinafter "Docket 335-2014"), Appellant pled guilty to default in required appearance pursuant to 18 Pa.C.S.A. § 5124 on July 31, 2014.  On August 8, 2014, the trial court sentenced Appellant at Docket 531-2013, Docket 539-2013, and Docket 335-2014 to an aggregate term of 14½ to 50 years of imprisonment.

On September 11, 2017, Appellant filed a petition pursuant to the Post Conviction Relief Act[3] (PCRA) in which he challenged his convictions and sentences at Dockets 531-2013, 539-2013, and 335-2014 under **Commonwealth v. Muniz**, 164 A.3d 1189 (Pa. 2017). Appellant alleged that he was not subject to registration and the other requirements under 18

---

[2] 18 Pa.C.S.A. § 3502(a)(4).

[3] 42 Pa.C.S.A. §§ 9541-9546.

Pa.C.S.A. §§ 4915.1(a)(3) and 5124 since his sexual offenses predated the enactment of those provisions. Thereafter, Appellant filed two subsequent amended PCRA petitions. The PCRA court held a hearing on Appellant's PCRA claims on May 4, 2018. By opinion and order entered on December 14, 2018, the PCRA court denied relief, concluding that Appellant's petitions were untimely and not subject to an exception under the PCRA. On January 11, 2019, Appellant filed a single notice of appeal to this Court, listing all four docket numbers as set forth and captioned above.

On January 23, 2019, this Court issued a rule to show cause why the appeal should not be quashed pursuant to our Supreme Court's decision in ***Commonwealth v. Walker***, 185 A.3d 969 (Pa. 2018) (holding that an appeal must be quashed if an appellant fails to file separate notices of appeal at each docket number implicated by an order resolving issues at more than one trial court docket). On January 23, 2019, counsel for Appellant filed a response stating he was unaware of the ***Walker*** decision and acknowledged that he filed a single notice of appeal. Counsel suggested that "[i]f [this] Court dismisse[d Appellant's] appeal, which ***Walker*** presumably requires, counsel will file a [] PCRA petition requesting the PCRA court to reinstate [Appellant's] appellate rights due to PCRA counsel's ineffectiveness." Response to Order to Show Cause, 1/23/2019, at 1. After receiving the response, this Court discharged the rule to show cause and referred the issue to this merits panel by order entered on February 4, 2019.

- 3 -

Pursuant to Pa.R.A.P. 341, an appeal may be taken as of right from any final order. The Official Note to Pa.R.A.P. 341 provides, however, in relevant part:

> Where ... one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. ***Commonwealth v. C.M.K.***, 932 A.2d 111, 113 & n.3 (Pa. Super. 2007) (quashing appeal taken by single notice of appeal from order [involving] two [] judgments of sentence).

Pa.R.A.P. 341, Note.

In ***Walker***, the Pennsylvania Supreme Court determined that Rule 341 requires that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." ***Walker***, 185 A.3d at 971. The ***Walker*** Court concluded that "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal. ... The failure to do so requires the appellate court to quash the appeal." ***Id.*** at 976-77; ***see Commonwealth v. Williams***, 206 A.3d 573 (Pa. Super. 2019) (quashing *pro se* appeal that listed four trial court docket numbers on the notice of appeal); ***Commonwealth v. Luciani***, 201 A.3d 802, 805 n.2 (Pa. Super. 2018) (despite joinder of charges filed at two separate dockets for the purposes of trial, appellants are still required to file separate notices of appeal under ***Walker***). Our Supreme Court provided that its decision applies prospectively to appeals filed after June 1, 2018, the date ***Walker*** was filed.

- 4 -

Here, Appellant filed his notice of appeal on January 11, 2019. Because the notice of appeal was filed after the **Walker** decision, we are required to apply its holding to the case *sub judice*. In this case, counsel concedes that this appeal does not comply with **Walker** since he filed a single notice of appeal listing all four docket numbers. While the trial court Prothonotary electronically entered the notice of appeal at each docket number, the paper record confirms noncompliance since only a single notice of appeal was included in the record certified to this Court and the single copy of Appellant's notice contains only one time-stamp. Since counsel only filed a single notice of appeal challenging an order resolving issues arising on multiple dockets, we are constrained to quash this appeal pursuant to Pa.R.A.P. 341 and the bright-line rule established in **Walker**.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/20/2020