J-S49038-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
DARREN TALBERT :
:
Appellant : No. 385 EDA 2019

Appeal from the PCRA Order Entered January 3, 2019
In the Court of Common Pleas of Delaware County Criminal Division at
No(s): CP-23-CR-0004677-2012,
CP-23-CR-0004680-2012

BEFORE: BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.: **FILED NOVEMBER 13, 2019**

Appellant Darren Talbert appeals from the order entered by the Court of Common Pleas of Delaware County denying Appellant's petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. After careful review, we are constrained to quash this appeal.

On August 15, 2013, a jury convicted Appellant of charges on two separate dockets. In Docket 4680-2012, Appellant was found guilty of two counts of Possession With Intent to Deliver (PWID) Heroin and one count of conspiracy to commit PWID. In Docket 4677-2012, Appellant was found guilty of PWID-Heroin, conspiracy to commit PWID, possession of a firearm with obliterated marks of identification, and carrying a firearm without a license. On appeal, this Court vacated Appellant's sentences and remanded for

_____

[*] Former Justice specially assigned to the Superior Court.

resentencing as the trial court had imposed unconstitutional mandatory minimum sentences. *See Commonwealth v. Talbert*, 51 EDA 2014 (Pa.Super. April 1, 2015) (unpublished memorandum).

On February 16, 2016, Appellant filed the instant *pro se* PCRA petition. Although the PCRA court appointed Appellant counsel, Appellant requested and was permitted to proceed *pro se* after a hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998). On May 5, 2017, the PCRA court notified Appellant of its intent to dismiss his petition without a hearing pursuant to Pa.R.Crim.P. 907. On July 11, 2017, the PCRA court dismissed Appellant's petition.

On July 17, 2018, this Court affirmed the PCRA court's decision in part, reversed in part and remanded for an evidentiary hearing on two of Appellant's ineffectiveness claims. *See Commonwealth v. Talbert*, 2480 EDA 2017 (Pa.Super. July 17, 2018) (unpublished memorandum). On November 20, 2018, the PCRA court held an evidentiary hearing. On January 3, 2019, the trial court entered an order denying Appellant's petition; the trial court's order listed both docket numbers in the caption. On February 1, 2019, Appellant filed a timely counseled notice of appeal that listed both docket numbers.

On June 14, 2019, this Court issued a Rule to Show Cause for Appellant to explain why his appeal should not quashed pursuant to *Commonwealth v. Walker*, 185 A.3d 969, 971 (Pa. 2018) (holding that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each of those cases"). On June 26, 2019, Appellant filed a

counseled response, claiming the appeal should not be quashed as the lower court had listed both cases in the caption of its order denying Appellant's PCRA petition. On July 12, 2019, this Court discharged the Rule to Show Cause and referred the matter to the merits panel.

The Official Note to Pa.R.A.P. 341 provides, in relevant part:

> Where … one or more orders resolves issues arising on more than one docket or relating to more than one judgment, separate notices of appeal must be filed. **Commonwealth v. C.M.K.**, 932 A.2d 111, 113 & n.3 (Pa.Super. 2007) (quashing appeal taken by single notice of appeal from order on remand for consideration under Pa.R.Crim.P. 607 of two persons' judgments of sentence).

Pa.R.A.P. 341, Official Note.

Until recently, courts of this Commonwealth would allow appeals to proceed even if they failed to conform with Pa.R.A.P. 341. **See In the Interest of P.S.**, 158 A.3d 643 (Pa.Super. 2017). However, our Supreme Court emphasized in **Walker** that Rule 341 requires that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case." **Walker**, 185 A.3d at 971.

The Court concluded that "[t]he Official Note to Rule 341 provides a bright-line mandatory instruction to practitioners to file separate notices of appeal. … The failure to do so requires the appellate court to quash the appeal." **Id.** at 976-77. **See Commonwealth v. Williams**, 206 A.3d 573 (Pa.Super. 2019) (quashing a *pro se* appeal that listed four trial court docket numbers on the notice of appeal); **Commonwealth v. Luciani**, 201 A.3d 802, 805 n.2 (Pa.Super. 2018) (recognizing that, despite the fact that charges filed

- 3 -

at two separate docket numbers are joined for trial, appellants are required to file separate notices of appeal under **Walker**). The Supreme Court provided that its decision applies prospectively to appeals filed after June 1, 2018, the date **Walker** was filed.

In this case, on February 1, 2019, Appellant filed his notice of appeal. As Appellant's notice of appeal was filed after **Walker** was decided, we must apply the principle set forth in that decision. As Appellant improperly filed a notice of appeal listing multiple docket numbers, we are constrained to quash this appeal pursuant to Rule 341 and **Walker**.

Appeal quashed.


*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*


Date: _11/13/2019_