J-S19032-17

2017 PA Super 129

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| WILLIE FRANK DIXON, II | : | |
| Appellant | : | No. 1633 MDA 2016 |

Appeal from the Judgment of Sentence July 25, 2016
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0001698-2014

BEFORE: GANTMAN, P.J., BENDER, P.J.E. and STEVENS, P.J.E.[*]

OPINION BY STEVENS, P.J.E.: **FILED MAY 01, 2017**

Willie Frank Dixon, II, ("Appellant") appeals from the judgment of sentence entered in the Court of Common Pleas of Franklin County after he pled guilty to one count of rape by forcible compulsion of a female under 16 years old. Sentenced to a term of incarceration of three and one-half to seven years, Appellant contends that the court's refusal to credit him with time served on pretrial home confinement with electronic monitoring rendered his sentence illegal. We affirm.

On August 25, 2014, 31 year-old Appellant was charged with rape by forcible compulsion, statutory sexual assault, involuntary deviate sexual intercourse person less than 16 years of age, indecent assault, and

_____

[*] Former Justice specially assigned to the Superior Court.

corrupting the morals of a minor[1] in connection with his assault of a female under sixteen years of age. On April 27, 2016, Appellant entered a negotiated plea of nolo contendere to the charge of rape, and, on July 25, 2016, the trial court imposed the above-cited sentence pursuant to the plea agreement.

During sentencing, defense counsel notified the court that Appellant sought credit for the approximately ten months he served on court-ordered pretrial home confinement with electronic monitoring. N.T. 7/25/16 at 10. The court advised Appellant to discuss the issue further with counsel and if he still wished to make the request he should do so in a post-sentence motion. N.T. at 11. On August 4, 2016, Appellant raised the issue in his counseled post-sentence motion, but the court denied the motion in its order of August 29, 2016. This timely appeal followed.

Appellant presents one issue for our consideration:

**SHOULD [APPELLANT] BE GIVEN CREDIT TOWARDS THE TERM OF HIS SENTENCE FOR TIME SERVED ON HOME DETENTION?**

Appellant's brief at 5.

Our standard of review following a plea of guilty is well-settled. "A plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses" and "waives the right to challenge anything but the legality of

---

[1] 18 Pa.C.S.A. §§ 3121(a)(1), 3122.1(b), 3123(a)(7), 3126(a)(8), and 6301(a)(1)(ii).

[the] sentence and the validity of [the] plea." ***Commonwealth v. Jones***, 593 Pa. 295, 929 A.2d 205, 212 (2007) (citation omitted).

A claim based upon the failure to give credit for time served is a challenge implicating the legality of one's sentence. ***Commonwealth v. Tobin***, 89 A.3d 663, 669 (Pa.Super. 2014). "A claim challenging the legality of sentence is appealable as of right." ***Commonwealth v. Hollawell***, 604 A.2d 723, 725 (Pa.Super. 1992); ***Commonwealth v. Clark***, 885 A.2d 1030, 1032 (Pa.Super. 2005).

Our scope and standard of review for illegal sentence claims is as follows:

> The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

***Commonwealth v. Leverette***, 911 A.2d 998, 1001–02 (Pa.Super. 2006) (internal citations omitted). An issue seeking credit "for time spent on bail release subject to electronic home monitoring is primarily one of statutory construction." ***Commonwealth v. Kyle***, 874 A.2d 12, 17 (Pa.2005).

42 Pa.C.S. § 9760 governs credit for time served. It provides, in relevant part:

> (1) Credit against the maximum term and any minimum term shall be given to the defendant for all time spent *in custody* as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is

based. Credit shall include credit for time spent in custody prior to trial, during trial, pending sentence, and pending the resolution of an appeal.

42 Pa.C.S. § 9760(1) (emphasis added). "The principle underlying this statute is that a defendant should be given credit for time spent *in custody* prior to sentencing for a particular offense." ***Commonwealth v. Hollawell***, 604 A.2d 723, 725 (Pa. Super. 1992) (emphasis added).

For purposes of Section 9760, "time spent in custody" includes time spent as a patient confined to a rehabilitation and treatment facility as a condition of bail. ***Commonwealth v. Conahan***, 589 A.2d 1107, 1109 (Pa. 1991) (Opinion of the Court). In ***Kyle***, the Pennsylvania Supreme Court distinguished such an instance from release on bail subject to electronic monitoring, which, it held, "does not qualify as custody for purposes of Section 9760 credit against a sentence of incarceration." ***Kyle***, ***supra***, 874 A.2d at 20. The Court reasoned:

> Release on any form of bail necessarily restricts one's liberty, but release to one's home on bail subject to electronic monitoring does not reach the level of restriction that necessarily attends placement in an institutional setting. Accordingly, we hold that time spent subject to electronic monitoring at home is not time spent in "custody" for purposes of credit under Section 9760.

***Id.*** at 22.

In so holding, the Court "specifically disapproved" the application of a case-by-case test for determining whether a person on a bail release with electronic monitoring program has spent time in Section 9760 custody. ***Id.*** at 19. "This interpretation and resultant bright-line rule," the Court

explained, "will obviate the necessity of evidentiary hearings into the particulars of each electronic monitoring program around the Commonwealth, which would be necessary to implement a case-by-case test." *Id.* at 22.

Furthermore, the Court excluded bail release to one's home with electronic monitoring from the ambit of prior decisions identifying the existence of equitable circumstances for which credit may be awarded:

> As a practical matter, defendants now must choose whether to accept the condition that they post bail and spend time on electronic monitoring, should the court so require—in which case credit will not be awarded—or to forgo release on bail restriction and immediately serve their prison sentences—for which credit will be available.

*Id.* at 23.

Appellant's case falls squarely under this jurisprudence deeming bail release with electronic monitoring ineligible for a Section 9760 award of credit for time served. Appellant endeavors to avoid such precedent by relying on decisions of the lower federal courts, but they are neither binding upon this Court nor supportive of his position.

Of the two cases Appellant relies upon, one, ***United States v. Londono-Cardona,*** 759 F.Supp 60, 63 (D.P.R. 1991), was abrogated several months later by the First Circuit Court of Appeals in ***U.S. v. Zackular***, 945 F.2d 423 (1st Cir 1991), which held that pretrial home confinement fails to fulfill the "official detention" requirement for receiving credit for prior custody pursuant to 18 U.S.C.A. § 3585. Notably, ***Zackular***

explains that, at the time of its decision, most federal circuits treated the term "official detention" as comparable to "custody," which was the operative term in the repealed predecessor federal statute governing credit for pretrial time served. *Id.* at 424-425.

The other case Appellant cites is *Fraley v. U.S. Bureau of Prisons*, 1 F.3d 924 (9th Cir. 1993), in which the Ninth Circuit Court of Appeals recognized precedent stating "when conditions of release approach those of incarceration, a person is in 'official detention' for purposes of section 3585." *Id.* at 925 (citation omitted). The Court, however, observed "every circuit that has directly addressed the question of whether home confinement combined with electronic monitoring constitutes "official detention" under section 3585(b) has held it does not." *Id.* at 926 n.1 (collecting cases).

In the Ninth Circuit's opinion, nothing about Fraley's pre-trial house arrest distinguished her case from this precedent. Fraley was not permitted to leave her house without prior authorization from the probation office, and she was required to participate in electronic monitoring to ensure she did not, but these conditions did not approach those of incarceration, the Court opined. Consequently, the Court held Fraley was not entitled to credit for the time she spent under pre-trial home confinement.

Contrary to Appellant's suggestion, therefore, the federal court decisions he cites for support have rejected the attempt to analogize pretrial home confinement to pretrial incarceration in much the same way as our

Supreme Court did in **Kyle**.  Accordingly, we discern no merit to Appellant's claim.

Judgment of sentence is AFFIRMED.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/1/2017