J-S16041-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| ANTHONY MICHAEL BALLARD | : | |
| | : | No. 1440 MDA 2017 |
| Appellant | : | |

Appeal from the PCRA Order September 7, 2017
in the Court of Common Pleas of Schuylkill County
Criminal Division at No.:  CP-54-CR-0001234-2013

BEFORE:   BOWES, J., MURRAY, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:                      **FILED APRIL 02, 2018**

Appellant, Anthony Michael Ballard, appeals *pro se* from the order denying his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely.  We affirm.

On October 16, 2014, Appellant entered a negotiated guilty plea to murder of the third degree and criminal conspiracy.[1]  In exchange, the Commonwealth *nolle prossed* the charges of murder of the first degree, aggravated assault, simple assault, and recklessly endangering another

_____

[1] **See** 18 Pa.C.S.A. §§ 2501(a) and 903(a)(1), respectively.

_____

*   Retired Senior Judge assigned to the Superior Court.

person.[2]  The same day, pursuant to the terms of the negotiated plea agreement, the court sentenced Appellant to an aggregate term of not less than twenty-four and one-half nor more than forty-nine years' imprisonment. Appellant did not file a direct appeal.

On September 15, 2015, Appellant filed a timely *pro se* first PCRA petition, in which he argued that his sentence was illegal.  Appointed counsel filed an amended petition.  At the hearing on the petition, Appellant added a claim of ineffective assistance of counsel on the basis that his plea was unlawfully induced.  On January 22, 2016, the PCRA court denied relief.  This Court affirmed the PCRA court denial on September 23, 2016, and the Pennsylvania Supreme Court denied further review on May 3, 2017.  (*See Commonwealth v. Ballard*, 158 A.3d 187 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 168 A.3d 1289 (Pa. 2017)).

Appellant filed his second *pro se* PCRA petition on June 14, 2017.  The PCRA court provided Appellant with Rule 907 notice of its intent to dismiss the petition on August 11, 2017.  *See* Pa.R.Crim.P. 907(1).  Appellant responded

---

[2] *See* 18 Pa.C.S.A. §§ 2502(a), 2702(a)(4), 2701(a)(2), and 2705, respectively.  The charges against Appellant related to his shooting of the unarmed nineteen-year-old victim, at 8:00 P.M., in a highly populated area. Appellant fired ten shots, with one of them hitting and fatally wounding the victim. (*See* N.T. Guilty Plea/Sentencing, 10/16/16, at 8).

to the notice on August 30, 2017.  On September 7, 2017, the court dismissed the petition as untimely.  Appellant timely appealed.[3]

Appellant raises four questions for this Court's review.

A. Did the [PCRA] [c]ourt err and abuse[] its discretion, when it denied Appellant's [s]econd . . . PCRA [p]etition, when Appellant claimed [a]ppellate [c]ounsel was ineffective for failing to raise on [d]irect [a]ppeal,[4] [t]rial [c]ounsel's ineffectiveness for failing to raise a weight claim?

B. Did [t]he [PCRA] [c]ourt err and abuse[] its discretion, when it denied Appellant's [s]econd . . . PCRA [p]etition, when Appellant claimed [a]ppellant [sic] [c]ounsel was ineffective for failing to raise on [d]irect [a]ppeal, [t]rial [c]ounsel's ineffectiveness for failing to call character witnesses on behalf of Appellant?

C. Did [t]he [PCRA] [c]ourt err and abuse[] its discretion, when it denied Appellant's [s]econd . . . PCRA [p]etition, when Appellant claimed [a]ppellant [sic] [c]ounsel was ineffective for failing to raise on [d]irect [a]ppeal, [t]rial [c]ounsel's ineffectiveness for failing to call Appellant's [a]libi [w]itnesses, on behalf of Appellant, when Appellant asked her to do so?

D. Did [t]he [PCRA] [c]ourt err and abuse[] its discretion, when it denied Appellant's [s]econd . . . PCRA [p]etition, when Appellant claimed [a]ppellant [sic] [c]ounsel was ineffective for failing to raise on [d]irect [a]ppeal, [t]rial [c]ounsel's ineffectiveness for failing to argue that Appellant is innocent of all charges?

---

[3] Appellant filed a court-ordered statement of errors complained of on appeal on November 1, 2017.  The court filed an opinion on November 17, 2017 in which it relied on the reasons stated in its August 11, 2017 Rule 907 notice to support its decision.  **See** Pa.R.A.P. 1925.

[4] Appellant did not file a direct appeal.  The attorney to whom he refers as appellate counsel throughout his brief, Claude A. Lord Shields, Esquire, represented him during the litigation of his first PCRA petition.  (**See**, Appellant's Brief, at 4-6, 9-35; Docket Number CP-54-CR-0001234-2013, at 10-12).

(Appellant's Brief, at 4-5).

Our standard of review of a PCRA court's decision is well-settled.

> Our standard of review of the denial of a PCRA petition is limited to examining whether the record evidence supports the court's determination and whether the court's decision is free of legal error. This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings. If the record supports a post-conviction court's credibility determination, it is binding on the appellate court. A PCRA court's legal conclusions, however, are reviewed *de novo*.

*Commonwealth v. Moriarty*, ___ A.3d ___, 2018 WL 1192727, at *3 (Pa.

Super. filed March 8, 2018) (citations and quotation marks omitted).

We begin by addressing the timeliness of Appellant's petition.

> To be timely, a PCRA petition, including a second or subsequent petition, must be filed within one year of a judgment of sentence becoming final. *See* 42 Pa.C.S.[A.] § 9545(b)(1). This time constraint is jurisdictional in nature, and is not subject to tolling or other equitable considerations. The statutory time bar implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits. Thus, the jurisdictional time bar only can be overcome by satisfaction of one of the three statutory exceptions codified at 42 Pa.C.S.[A.] § 9545(b)(1)(i)–(iii). . . .

*Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017) (case citations and

quotation marks omitted).

The three statutory exceptions to the PCRA time-bar are:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

- 4 -

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1). "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Spotz*, *supra* at 678 (citation omitted).

Here, Appellant's judgment of sentence became final on November 17,[5] 2014, when he did not file a direct appeal. *See* 42 Pa.C.S.A. § 9545(b)(3). Therefore, he had until November 17, 2015 to file a timely PCRA petition, unless he pleaded and proved a timeliness exception. *See* 42 Pa.C.S.A. § 9545(b)(1). Hence, his current petition, filed on June 14, 2017, is untimely on its face, and we lack jurisdiction to consider its merits, unless he pleads and proves the applicability a timeliness exception.

Instantly, Appellant fails to plead the applicability of any of the timeliness exceptions to the PCRA time-bar. (*See* Appellant's Brief, at 10-35). In fact, although he acknowledges the timeliness requirements of the PCRA, he maintains that his current petition is timely because, based on prior PCRA counsel's advice, he filed it after the Pennsylvania Supreme Court denied

---

[5] The thirtieth day, November 15, 2014, was on a Saturday, therefore his judgment of sentence became final the following Monday. *See* 1 Pa.C.S.A. § 1908.

review of his first PCRA petition. (*See id.* at 9, 35). This claim of timeliness fails.

"[T]he plain language of the PCRA statute shows that a judgment of sentence becomes final immediately upon expiration of the time for seeking direct review, even if other collateral proceedings are still ongoing[.]" *Commonwealth v. Callahan*, 101 A.3d 118, 122 (Pa. Super. 2014); *see also* 42 Pa.C.S.A. § 9545(b)(1). Additionally, "there is no statutory exception to the PCRA time-bar applicable to claims alleging the ineffectiveness of post-conviction counsel." *Commonwealth v. Robinson*, 139 A.3d 178, 186 (Pa. 2016).

Moreover, even if Appellant did attempt to raise a timeliness exception, the PCRA statute provides that "[a]ny petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). All of Appellant's issues are premised on an underlying claim of plea counsel's ineffectiveness. (*See* Appellant's Brief, at 10-35). Appellant necessarily would have been aware of these claims prior to nearly three years after his case was in the trial court. Therefore, even if he attempted to frame his issues as falling within one of the statutory timeliness exceptions, he would be unable to plead and prove its applicability where he did not file his petition within sixty days of the date he could have presented his claims. *See* 42 Pa.C.S.A. § 9545(b)(2).

For all of these reasons, Appellant has failed to plead and prove an exception to the PCRA time-bar, and the PCRA court properly dismissed his petition as untimely. *See Moriarty*, *supra* at *3.[6]

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/2/2018

---

[6] Additionally, we note that Appellant entered a negotiated guilty plea in this matter, which "constitutes a waiver of all nonjurisdictional defects and defenses and waives the right to challenge anything but the legality of [the] sentence and the validity of [the] plea." *Commonwealth v. Dixon*, 161 A.3d 949, 951 (Pa. Super. 2017) (citation and internal quotation marks omitted). Therefore, even if Appellant pleaded and proved a timeliness exception, his challenges would be waived.