J-S65003-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
HERIBERTO RODRIGUEZ-PENA :
:
Appellant : No. 568 MDA 2018

Appeal from the Judgment of Sentence March 5, 2018
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0005998-2006

BEFORE: SHOGAN, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY SHOGAN, J.: **FILED NOVEMBER 14, 2018**

Appellant, Heriberto Rodriguez-Pena, appeals from the judgment of

sentence entered on March 5, 2018, in the Lancaster County Court of Common

Pleas. After review, we vacate and remand for resentencing.

The trial court summarized the relevant procedural history of this matter

as follows:

> On July 16, 2007, Appellant pleaded guilty to two counts of
> aggravated indecent assault;[1] two counts of indecent assault;[2]
> two counts of corruption of minors;[3] and one count of sexual
> assault.[4] On October 22, 2007, following an evaluation by the
> Sexual Offenders Assessment Board, Appellant was sentenced to
> an aggregate term of four to eight years of incarceration in a state
> correctional institution, followed by five years of consecutive
> probation. The [c]ourt also ordered Appellant to comply with the
> sexual offender registration requirements pursuant to then-
> effective Megan's Law III, 42 Pa.C.S. §§ 9791-9799.7 (expired).
>
> [1] 18 Pa.C.S. § 3125(a)(7)-(8).
>
> [2] 18 Pa.C.S. § 3126(a)(8).

[3] 18 Pa.C.S. § 6301(a)(1).

[4] 18 Pa.C.S. § 3124.1.

The record reflects that Appellant served the entire eight years of incarceration in a state correctional institution and was subsequently released. *See* Notes of Testimony, Sentencing Hearing, 10/23/15, at 9 (hereinafter "N.T. Sentencing Hr'g, 10/23/15"). On October 23, 2015, Appellant was found in violation of his probation. Appellant was resentenced to one to two years of incarceration on Count 4, Sexual Assault, followed by five years of consecutive probation on Count 1, Aggravated Indecent Assault. *See id.* at 10.

Appellant served the two years of incarceration and was released from prison. Thereafter, on December 7, 2017, Appellant appeared before the [c]ourt for his second violation of probation hearing, and the Court determined that Appellant had violated his probation. Following a presentence investigation and report, the [c]ourt resentenced Appellant on March 5, 2018 to five to ten years of incarceration on Count 1 [(aggravated indecent assault)], followed by five years of probation on Count 5. *See* Notes of Testimony, Sentencing Hearing, 3/5/18, at 4 (hereinafter "N.T. Sentencing Hr'g, 3/5/18"). Appellant filed a timely post-sentence motion, which this [c]ourt denied on March 20, 2018. The instant appeal followed.

Trial Court Opinion, 7/16/18, at 1-2.

Both Appellant and the trial court have complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue for this Court's consideration:

Did the trial court impose an illegal sentence on count one where only five years remained, yet the court imposed five to ten years incarceration?

J-S65003-18

Appellant's Brief at 4.[1]

In an appeal from a sentence imposed after a trial court's revocation of probation, this Court can review the validity of the revocation proceedings, the legality of the sentence imposed following revocation, and any challenge to the discretionary aspects of the sentence imposed. ***Commonwealth v. Wright***, 116 A.3d 133, 136 (Pa. Super. 2015) (citation omitted). The instant appeal involves a challenge to the legality of the sentence imposed.

> The scope and standard of review applied to determine the legality of a sentence are well established. If no statutory authorization exists for a particular sentence, that sentence is illegal and subject to correction. An illegal sentence must be vacated. In evaluating a trial court's application of a statute, our standard of review is plenary and is limited to determining whether the trial court committed an error of law.

***Commonwealth v. Dixon***, 161 A.3d 949, 951 (Pa. Super. 2017).

When imposing a sentence following the revocation of probation, the trial court is required to give credit "against the maximum term and any minimum term ... for all time spent in custody as a result of the criminal charge for which a prison sentence is imposed or as a result of the conduct on which such a charge is based." 42 Pa.C.S. § 9760(1). Therefore, if the

_____

[1] In Appellant's Pa.R.A.P. 1925(b) statement of errors complained of on appeal, he challenged the sentences imposed at count one and count five. However, in his brief, Appellant opted not to pursue his challenge to the sentence at count five. Accordingly, we shall only address the sentence imposed at count one. Nevertheless, we point out that if we discerned an issue with the legality of any portion of Appellant's sentence, we could address it *sua sponte*. ***Commonwealth v. Bebout***, 186 A.3d 462, 466 (Pa. Super. 2018). However, in the instant case, we are in agreement with the trial court's assessment that the sentence imposed at count five was a legal sentence. Trial Court Opinion, 7/16/18, at 4.

- 3 -

sentence imposed after the revocation of probation when added to the time already served at that count exceeds the statutory maximum, the sentence is illegal. **Commonwealth v. Crump**, 995 A.2d 1280, 1285 (Pa. Super. 2010).

In the case at bar, Appellant was originally given a split sentence on count one. The trial court initially imposed a term of incarceration of two and one-half to five years followed by a consecutive term of five years of probation. On March 5, 2018, the trial court, after revoking Appellant's probation, resentenced Appellant to a term of five to ten years of incarceration at count one. Appellant argues that because he already served five years of incarceration at count one, the newly imposed sentence with a maximum term of ten years renders the sentence illegal. Appellant's Brief at 10. We agree.

Initially, we point out that the trial court concedes that Appellant's sentence is illegal. Trial Court Opinion, 7/16/18, at 4. When Appellant was originally sentenced, count one was a conviction for aggravated indecent assault, which was graded as a felony of the second degree, and the statutory maximum sentence was ten years. 18 Pa.C.S. § 1103(2). Because Appellant had already served five years of incarceration at count one, the maximum sentence the trial court could impose after revoking Appellant's probation at that count was five years. However, the trial court erroneously imposed a sentence of five to ten years. This maximum sentence of ten years, when added to the five years Appellant already served, exceeds the statutory maximum. Thus, the sentence imposed after the revocation of Appellant's probation was illegal. **Crump**, 995 A.2d at 1285. Accordingly, we vacate

Appellant's judgment of sentence on count one, and we remand for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction is relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>11/14/2018</u>