J-S71041-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| JAMAL GOODMAN | : | |
| | : | |
| Appellant | : | No. 1019 EDA 2019 |

Appeal from the Judgment of Sentenced Entered March 8, 2019
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0003393-2014

BEFORE: BOWES, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED APRIL 03, 2020**

Jamal Goodman appeals from the judgment of sentence entered following his negotiated guilty plea to robbery and conspiracy.[1] Counsel has a filed an **_Anders_** brief and a petition to withdraw as counsel.[2] We grant counsel's petition and affirm the judgment of sentence.

Goodman pled guilty to the following facts:

> [O]n February 4th, 2014, at approximately 9:00 p.m. in the area of 5440 Lansdowne Avenue here in the city and county of Philadelphia, officers responded to a robbery in progress. There is a Rite Aid located at that address. When officers arrived, witness number one, Mr. Alexander Williams, was attempting to control [Goodman]. He informed the officers that [Goodman] attempted to take the cash drawer from the complainant while he was walking the drawer from the pharmacy department, which is located in the back of the store, to the cash office, which is in the front of the store.

---

[1] 18 Pa.C.S.A. §§ 3701(a)(1)(v) and 903, respectively.

[2] **_Anders v. California_**, 386 U.S. 738 (1967).

> Officers did observe $131 . . . of various denominations scattered on the floor. . . . No weapon was recovered from [Goodman].

N.T., Guilty Plea Hearing, 3/8/19, at 13-14. The guilty plea included an agreement by both parties for the court to impose a sentence of 11½ to 23 months incarceration, with immediate parole, followed by a consecutive term of three years of reporting probation. Written Guilty Plea Colloquy, dated 3/8/19, at 1.

Prior to pleading guilty, the court instructed Goodman about the limited arguments he could raise on appeal:

> THE COURT: Additionally, sir, by pleading guilty here today, you are giving up your right to litigate any pretrial matters, such as any motions to suppress or speedy trial motions. Do you understand that?
>
> [Lee]: Yes.
>
> THE COURT: What you do here today, Mr. Goodman, is pretty much final. There are only three ways in which you can appeal this plea of guilty. The first is to say that I do not have jurisdiction to hear your case. However it's my understanding from both attorneys that this incident happened in the city and county of Philadelphia. And let me assure you, sir, that I am, in fact, a duly-elected Judge sitting in the city and county of Philadelphia, and I, therefore, have jurisdiction to hear your case. Do you understand that?
>
> [Lee]: Yes.

N.T., Guilty Plea at 8. The trial court then imposed the agreed sentence mentioned above. *See id.* at 17-18. Following its imposition of sentence, the trial court informed Goodman that he had "10 days to file a motion to

reconsider the sentence in this matter." ***Id.*** at 18. Goodman did not file a post sentence motion and instead filed a *pro se* notice of appeal the same day.

Before we address the issues counsel identified in the ***Anders*** brief, we must first determine if counsel has satisfied the technical requirements to withdraw as counsel. ***Commonwealth v. Dempster***, 187 A.3d 266, 270 (Pa.Super. 2018) (*en banc*).

Before counsel may be permitted to withdraw, counsel must meet the following requirements:

> First, counsel must petition the court for leave to withdraw and state that after making a conscientious examination of the record, he has determined that the appeal is frivolous; second, he must file a brief referring to any issues in the record of arguable merit; and third, he must furnish a copy of the brief to the defendant and advise him of his right to retain new counsel or to himself raise any additional points he deems worthy of the Superior Court's attention.

***Commonwealth v. Bynum-Hamilton***, 135 A.3d 179, 183 (Pa.Super. 2016) (quoting ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009)).

Counsel has satisfied the above requirements. He filed a petition to withdraw with this Court stating that after a conscientious examination of the record, he believes that Goodman's appeal is frivolous. Counsel also filed a brief listing the arguments he believed to have arguable merit and also mailed

a copy of the brief to Goodman advising of his right to retain counsel or proceed *pro se* and to raise new claims before this Court.[3]

Having satisfied the requirements to withdraw, we now look to whether counsel's **Anders** brief meets the requirements for such a brief. A compliant **Anders** brief contains the following:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Counsel's brief satisfies the requirements of **Santiago**. Counsel summarizes the procedural history and facts, citing to the record; refers to materials of record he believes arguably support Goodman's appeal; concludes that the appeal is frivolous with supporting case law and facts, and explains his conclusion. We now conduct our own review to determine if the

---

[3] Counsel's letter to Goodman refers to the wrong trial court docket number. **See Anders** Brief, Appendix C. Despite this error, Goodman would not reasonably have been misled about the case counsel was discussing, and in any event, the letter satisfies the requirements under **Santiago**. We therefore find no reason to remand.

appeal is in fact frivolous. We note that Goodman has not responded to counsel's **Anders** brief or filed any other documents with this Court.

In the **Anders** brief, counsel presents a single issue: "Whether Jamal Goodman could raise any issues of arguable merit[?]" Anders Br. at 6 (answer of trial court omitted). Counsel concludes that Goodman could not raise any issues of arguable merit on appeal because:

1. Jamal Goodman waived any issues.

2. Jamal Goodman's plea was valid.

3. Jamal Goodman was competent.

4. The trial court imposed a legal sentence.

5. There is no other legal basis, which would justify withdrawal of the plea.

**Anders** Br. at 10, 12, 13.

"A plea of guilty constitutes a waiver of all nonjurisdictional defects and defenses and waives the right to challenge anything but the legality of [the] sentence and the validity of [the] plea." **Commonwealth v. Luciani**, 201 A.3d 802, 806-07 (Pa.Super. 2018) (quoting **Commonwealth v. Dixon**, 161 A.3d 949, 951 (Pa.Super. 2017)). Additionally, "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." **Commonwealth v. Lincoln**, 72 A.3d 606, 609-10 (Pa.Super. 2013). Failure to do so results in waiver. **Id.** at 610.

As counsel concludes, Goodman waived any issues he could have raised before this Court by failing to file a post sentence motion, except a challenge to the validity of his guilty plea, the jurisdiction of the trial court, and the legality of his sentence. *Luciani*, 201 A.3d at 807. However, any such challenges would be frivolous.

Here, the trial court conducted both a written and oral guilty plea colloquy where it informed Goodman of the factual basis of the guilty plea; the maximum sentence he could receive; his right to proceed with a jury trial; the rights he would give up by pleading guilty; his limited appellate rights following a guilty plea; and that the judge was free not to impose the agreed upon sentence between counsel and the Commonwealth. *See* N.T., Guilty Plea Hearing, at 5-10, 12-14; Written Guilty Plea Colloquy, dated 3/8/19. The trial court also imposed a negotiated sentence of 11½ to 23 months incarceration with immediate parole followed by three years of reporting probation, a sentence well below the maximum possible sentence of 14 years. As the trial court pointed out during the guilty plea colloquy, Goodman committed his crimes in Philadelphia County, such that the court had jurisdiction. Following the imposition of sentence, Goodman did not a file a post sentence motion challenging the voluntariness of the plea. *See Lincoln*, 72 A.3d at 609-10. Thus, nothing in the certified record supports that Goodman's guilty plea was not valid, that the court imposed an illegal sentence, or that the plea was not voluntarily made.

Furthermore, our review of the record reveals no other issue that would not be wholly frivolous to pursue on appeal. Therefore we affirm the judgment of sentence and grant counsel's petition to withdraw.

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/3/20