J-S11022-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RAKIM LAMAR JOHNSON :
:
Appellant : No. 1234 WDA 2020

Appeal from the PCRA Order Entered October 7, 2020,
in the Court of Common Pleas of Cambria County,
Criminal Division at No(s): CP-11-CR-0001481-2019.

BEFORE: STABILE, J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.: **FILED: JULY 8, 2021**

Rakim Lamar Johnson appeals from the order denying his first petition for relief pursuant to the Post Conviction Relief Act ("PCRA"). 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the pertinent facts as follows:

On or about August 30, 2019, Officer Beau Gardner, Johnstown Police Department, was assisting Pennsylvania State Parole and the U.S. Marshals' Fugitive Task Force in locating [Johnson]. Pennsylvania State Parole received a warrant for [Johnson's] arrest and took him into custody at the intersection of Beatrice Ave. and Meridian Ave. in Johnstown, Pennsylvania. Officer Gardner searched [Johnson] upon taking him into custody and [Johnson] advised Officer Gardner that he was carrying a nine-millimeter handgun in his pocket. [Johnson] was a previously convicted felon who was ineligible to carry a firearm at that time. Officer Gardner reported the handgun

_____

[*] Retired Senior Judge assigned to the Superior Court.

to Cambria County Police Dispatch and was informed that the handgun had been reported stolen in McKeesport, Pennsylvania. Additionally, Officer Gardner's search revealed that [Johnson] was carrying 9.9 grams of crack cocaine, 75 stamp bags of heroin later confirmed to contain fentanyl, and 1.7 grams of marijuana, along with currency and two cell phones.

PCRA Court Opinion, 11/20/20, at 1 (unnumbered).

Following his arrest, Johnson was charged with numerous offenses. Following a preliminary hearing held on October 17, 2019, all charges were bound over for trial. On January 27, 2020, Johnson entered a guilty plea to a firearm violation and one count of possession with intent to deliver. All other charges were to be withdrawn. On March 3, 2020, the trial court imposed a sentence of 48 to 96 months of imprisonment for each charge, to be served concurrently. Johnson filed neither a post-sentence motion nor a direct appeal.

On July 15, 2020, Johnson filed a timely *pro se* PCRA petition, and the PCRA court appointed counsel. On August 31, 2020, PCRA counsel filed an amended petition, in which Johnson raised several claims, including a claim that plea counsel was ineffective for failing to apprise him of a plea offer, and that the PCRA court erred in denying him post-conviction relief because the Commonwealth's preliminary hearing testimony consisted entirely of hearsay. The PCRA court held an evidentiary hearing on October 6, 2020. Both Johnson and plea counsel testified about their discussions prior to Johnson's entry of his guilty plea. By order entered October 7, 2020, the PCRA court denied

Johnson's amended petition. This timely appeal followed. Both Johnson and the PCRA court have complied with Pa.R.A.P. 1925.

Johnson now raises the following issues:

1. The [PCRA court] erred in denying [Johnson's] PCRA petition, because [Johnson] did not enter a plea in a knowing and competent manner based on his testimony that [plea] counsel never made him aware of a prior plea offer that consisted of less time for incarceration compared to the actual plea he entered.

2. The [PCRA court] erred in denying [Johnson's] PCRA petition in regards to the issue that his preliminary hearing was based on hearsay, which was in contradiction to the Pennsylvania Supreme Court's recent holding in *Commonwealth v. McClelland*, [233 A.3d 717 (Pa. 2020)].

Johnson's Brief at 4 (excess capitalization omitted). We will address these issues in order.

Our standard of review is as follows:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

- 3 -

When a petitioner alleges counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction or sentence resulted from ineffective assistance of counsel "which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Additionally, the petitioner must demonstrate:

> (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness[,] the petitioner must advance sufficient evidence to overcome this presumption.

*Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (internal citations and quotation marks omitted). *Strickland v. Washington*, 466 U.S. 668 (1984) (accord). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

Johnson claims that plea counsel was ineffective when advising him regarding the Commonwealth's initial plea offer. Specifically, he contends that plea counsel "never made him aware or explained to him a prior plea offer

- 4 -

that consisted of less time for incarceration than the actual plea he entered[.]" Johnson's Brief at 7. According to Johnson, if plea counsel "had made him aware of the prior plea offer (or more specifically, met with him at the Cambria County Prison, and explained it to him), he most certainly would have accepted it[.]" *Id.*

"Generally, counsel has a duty to communicate plea bargains to his client, as well as to explain the advantages and disadvantages of the offer." *Commonwealth v. Marinez*, 777 A.2d 1121, 1124 (Pa. Super. 2001). Stated differently, counsel has a duty to explain to the defendant "the relative merits of the offer compared to the defendant's chances at trial." *Commonwealth v. Napper*, 385 A.2d 521, 521 (Pa. Super. 1978). "Failure to do so may be considered ineffective assistance of counsel if the defendant is sentenced to a longer prison term than the term he would have accepted under the plea bargain." *Marinez*, 777 A.2d at 1124.

Thus, a defendant seeking relief based on a claim that ineffective assistance of counsel caused him to reject a plea offer must show that:

> [B]ut for the ineffective assistance of counsel there is a reasonable probability that the plea offer would have been presented to the court (*i.e.*, that the defendant would have accepted the plea and the prosecution would not have withdrawn it in light of intervening circumstances), that the court would have accepted its terms, and that the conviction or sentence, or both, under the offer's terms would have been less severe than under the judgment and sentence that in fact were imposed.

***Commonwealth v. Steckley***, 128 A.3d 826, 832 (Pa. Super. 2015) (citing

***Lafler v. Cooper***, 132 S.Ct. 1376, 1385 (2012)).

In addition, regarding the plea-bargaining process, this Court has

stated:

> Ineffective assistance of counsel claims arising from the plea bargaining-process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter into an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> The standard for post-sentence withdraw of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, . . . under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating the entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

***Commonwealth v. Kelley***, 136 A.3d 1007, 1012-13 (Pa. Super. 2016)

(citations omitted).

Applying the above standards, the PCRA court concluded that Johnson

failed to meet his burden. The court summarized the testimony and evidence

presented at the evidentiary hearing as follows:

> [Johnson] entered into the record a letter [dated] December 13th, 2019, from his [plea counsel] informing him that she had reached an agreement in his case with the District Attorney's office. The letter indicated that, if [Johnson] pled guilty to one count of illegal possession of a firearm and one

count of possession with intent to deliver, the District Attorney would agree that his sentences could run concurrently and that the offense gravity score would be calculated at a lower number. [Plea counsel's] letter indicated that she would come to the jail to discuss the plea offer in more detail with [Johnson], but [Johnson] claims that she did not do so before a lab report was released on December 30th, 2019, indicating that [Johnson] had been carrying Fentanyl when he was arrested.

The Commonwealth subsequently revoked its initial plea offer and gave [Johnson] a new plea offer that he ultimately accepted on March 3rd, 2020. [Johnson] argues that [plea counsel's] failure to visit him and give him the opportunity to accept the initial plea offer between December 13th and December 30th , 2019, constituted ineffective assistance of counsel and rendered his ultimate guilty plea unknowing or incompetent.

[Plea counsel] testified at the PCRA hearing on October 6th, 2020, that there was not a plea offer with the Commonwealth at the time she sent [Johnson] the letter dated December 13th, 2019, and that she was unable to secure a lower offense gravity score for [Johnson] due to the aforementioned lab report. Additionally, [plea counsel] testified that [Johnson] told her that he had a prior record score of two and that she later discovered that, due to undisclosed juvenile offenses, [Johnson] actually had a prior record score of four. Notably, [PCRA counsel] submitted that this calculation of [Johnson's] prior record score was accurate.

Based on this information [plea counsel] advised [Johnson] to take the Commonwealth's plea offer of [concurrent terms of imprisonment for the drug possession and gun charges]. If [Johnson] did not take this plea offer, [plea counsel] informed him that he could be sentenced consecutively and face a significantly longer period of incarceration.

PCRA Court Opinion, 11/20/20, 4-5 (unnumbered) (citations omitted).

The PCRA court then reviewed Johnson's statements during his guilty plea colloquy and his PCRA hearing testimony. The court concluded:

> The transcript of [Johnson's] guilty plea from January 27, 2020, and the answers [Johnson] provided at the PCRA hearing on October 6, 2020, demonstrate that he entered a knowing and competent plea. [Johnson] testified at the PCRA hearing that he had gone over the [written] guilty plea colloquy with [plea counsel] and indicated at that time that the Commonwealth's recitation of the facts was correct and that he was entering into the plea knowingly and voluntarily. He did so despite being aware at the time of the prior plea offer which he believed [plea counsel] had received from the Commonwealth.
>
> Based on the record established at the PCRA hearing and [Johnson's] guilty plea hearing, it is clear that the "manifest injustice" required for a defendant's guilty plea to be withdrawn after sentencing has not been shown in this case and that [the PCRA court] did not err in its disposition of this issue. The appellate court should therefore dismiss this appeal and affirm the [PCRA] court's decision.

PCRA Court Opinion, 11/20/20, at 5-6 (unnumbered) (citations omitted).

Our review of Johnson's written and oral guilty plea colloquies, as well as the three letters sent by plea counsel referencing the plea-bargaining process, provides ample support for the PCRA court's conclusion that Johnson's ineffectiveness claim fails. **Kelley**, **supra**. While the first letter contained favorable terms that plea counsel was able to negotiate, there is no evidence in the record that the Commonwealth would accept any plea from Johnson prior to the receipt of the lab report identifying the substance found on his person.

Moreover:

> Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.
>
> \* \* \*
>
> The longstanding rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.
>
> \* \* \*
>
> A criminal defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

*Commonwealth v. Pollard*, 832 A.2d 517, 523-24 (Pa. Super. 2003) (citations omitted). Here, Johnson's answers to the court's questions during the oral plea colloquy, as well as those provided in the written colloquy, contradict his present assertions. *Id.* Thus, Johnson's claim of ineffectiveness fails.

In his second issue on appeal, Johnson asserts that the PCRA court erred in denying him relief because the charges were bound over for trial wholly based upon hearsay testimony, in violation of *McClelland*, *supra*.

The PCRA court found no merit to this claim:

> [Johnson] argues that because only one law enforcement officer was present at his Preliminary Hearing on October 17, 2019, and because that officer was not one who was present at the time of his arrest, that the officer's testimony

- 9 -

constituted hearsay insufficient to bind over the charges. [Johnson] asked this Court to allow him to withdraw his guilty plea and that his case be remanded for a new preliminary hearing.

Pennsylvania jurisprudence contains a strong presumption against the retroactive application of newly recognized constitutional rights to criminal defendants. A notable recent example is **Commonwealth v. Miller**, [102 A.3d 988 (Pa. Super. 2014)], in which the Pennsylvania Superior Court declined to retroactively apply the United States Supreme Court's decision in **Alleyne v. United States**, 570 U.S. 99 (2013), to a defendant's PCRA petition. [] The Superior Court held in **Miller** that newly recognized constitutional rights apply to cases on collateral review only if the United States Supreme Court [or] the Pennsylvania Supreme Court specifically holds it to be retroactively applicable to those cases. **Id.** at 995.

\*\*\*

At the PCRA hearing on October 7, 2020, counsel for the Commonwealth correctly noted that [the PCRA court] would not have been able to grant [Johnson's] request for a new preliminary hearing even if it had applied the **McClelland** decision in this case. [T]he proper remedy for this kind of defect would be to grant [Johnson] a new trial, not a new preliminary hearing. A trial would cure any defect that may have existed at the preliminary hearing stage. As [Johnson's] motivation in requesting a new preliminary hearing is to resurrect the plea offer described by [plea counsel] in the December 13, 2019, letter, such a remedy would not give [Johnson] the relief which he seeks. Regardless, it is clear that [the PCRA court's] decision not to apply **McClelland** here is correct and that the [c]ourt did not err on this issue.

PCRA Court Opinion, 11/20/20, at 6-7 (some citations omitted).

Our review of the record and recent case law supports the PCRA court's conclusion. In **Commonwealth v. Rivera**, 2021 PA Super 105 (filed May 24, 2021), this Court, addressing a related claim on direct appeal, found that "the

- 10 -

Supreme Court did not intend to extend **McClelland**'s holding to cases such as this one, where the complained-of defect in the preliminary hearing is subsequently cured at trial." **Rivera**, at *3. Clearly, Johnson's entry of a guilty plea cured any defect that occurred at the preliminary hearing. In fact, by entering a guilty plea, Johnson limited his bases for appeal. **See Commonwealth v. Dixon**, 161 A.3d 949, 951 (Pa. Super. 2017)(reiterating that "a plea of guilty constitutes a waiver of all non-jurisdictional defects and defenses" and "waived the right to challenge anything but the legality of [the] sentence and [the] validity of the plea").

Moreover, in **Rivera**, **supra**, we noted that Rivera "fails to argue that the defect in the evidence at the preliminary hearing tainted the validity of the verdict." **Id.**, at *3. Here, Johnson has not even established that the preliminary hearing testimony was wholly based on hearsay evidence. There is no indication in the record that the preliminary hearing was transcribed. Thus, this claim also fails because it is undeveloped. **See Commonwealth v. Tielsch**, 934 A.2d 81, 93 (Pa. Super. 2007) (holding that undeveloped claims will not be considered on appeal).

In sum, because Johnson's ineffectiveness claim lacks arguable merit, and the PCRA court did not err in failing to apply **McClelland**, **supra**, we affirm the order denying Johnson post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date:  7/8/2021