J-S38021-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRANCE WILLIAM DAVIS JR. | : | |
| | : | |
| Appellant | : | No. 423 WDA 2021 |

Appeal from the Judgment of Sentence Entered April 26, 2019
In the Court of Common Pleas of Washington County Criminal Division at
No(s):  CP-63-CR-0001642-2018

BEFORE:   BENDER, P.J.E., DUBOW, J., and COLINS, J.[*]

MEMORANDUM BY DUBOW, J.:                    **FILED:  February 11, 2022**

Appellant, Terrance William Davis, Jr., appeals *nunc pro tunc* from the

Judgment of Sentence entered on April 26, 2019, in the Court of Common

Pleas of Washington County. Appellant challenges the voluntariness of his

open guilty plea and the sentencing court's exercise of sentencing discretion.

After careful review, we find that Appellant waived his issues by failing to raise

them in the trial court and, therefore, affirm.

At a plea hearing on January 30, 2019, Appellant entered an open guilty

plea to three counts of Aggravated Assault[1] related to his spitting on and

striking several corrections officers. Appellant completed a ten page written

plea colloquy and affirmed during the court's oral colloquy that he understood

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. § 2702(a)(3).

the implications of his plea. Relevant to the instant appeal, Appellant affirmed that he had discussed with his attorney and understood the sentencing implications of his plea, including his potential maximum sentence. **See** Guilty Plea, 1/30/19, at ¶¶ 53-54. **See also** N.T. Hr'g, 1/30/19, at 3-6 (oral plea colloquy).

On April 26, 2019, the court sentenced Appellant to an aggregate term of 10 to 30 years' incarceration. Appellant did not file a post-sentence motion or direct appeal.

At the conclusion of post-conviction proceedings, the court reinstated Appellant's right to file a direct appeal *nunc pro tunc*.[2] Appellant timely filed a Notice of Appeal and both he and the trial court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Did the trial court err in accepting [Appellant's] guilty plea without conducting a complete colloquy conforming to the requirements of Pa.R.Crim.P. 590?

2. Did the trial court err in failing to calculate [Appellant's] credit for time served and delegating that duty to the Department of Corrections?

Appellant's Br. at 10.

In his first issue, Appellant alleges that he did not voluntarily enter his guilty plea because the plea court did not "elicit[] what [Appellant] believed the potential penalties he faced at trial *actually were*." **Id.** at 21 (emphasis in original). In other words, Appellant is critical that the plea court did not require

---

[2] Appellant did not request reinstatement of his right to file a post-sentence motion *nunc pro tunc*.

him to recite in open court the sentencing implications of the crimes charged. *Id.* at 16-23. Appellant waived this issue by failing to raise it in the lower court.

It is axiomatic that "[a] defendant wishing to challenge the voluntariness of a guilty plea on direct appeal must either object during the plea colloquy or file a motion to withdraw the plea within ten days of sentencing." ***Commonwealth v. Lincoln***, 72 A.3d 606, 609-10 (Pa. Super. 2013). ***See also*** Pa.R.Crim.P. 720(A)(1), (B)(1)(a)(i) (stating post-sentence motion challenging validity of guilty plea shall be filed no later than 10 days after imposition of sentence); Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal.").

Instantly, Appellant did not challenge the voluntariness of his plea at his January 30, 2019 plea hearing or in any post-sentence motion. Therefore, Appellant has failed to preserve his challenge to the validity of his guilty plea, rendering this issue waived on appeal.

In his second issue, Appellant asserts that the sentencing court erred by delegating calculation of his credit for time served to the Department of Corrections ("DOC"). Appellant's Br. at 23-31. Appellant claims that the sentencing court itself should have calculated his credit for time served. *Id.* Appellant does not allege that the court failed to grant him credit for time served, or that the DOC failed to follow the court's sentencing order or errantly calculated his credit. In fact, the court clearly and unambiguously granted

Appellant credit for time served, to be calculated by the DOC. **See** N.T. Sentencing, 4/26/19, at 14-15.

Appellant's claim implicates the sentencing court's exercise of discretion in delegating calculation of his time credit to the DOC.[3] To preserve such a challenge, an appellant must, *inter alia*, raise the sentencing claim before the sentencing court or in a post-sentence motion. **See Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa. Super. 2013) ("issues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspects of a sentence is waived." (citation omitted)).

Here, as discussed above, Appellant did not file a post-sentence motion. Additionally, Appellant did not raise this issue before the court at his

_____

[3] Appellant does not clearly delineate in his brief whether he is challenging the legality of his sentence or the sentencing court's exercise of discretion. In the context of a grant of credit for time served, however, only where the appellant's claim is based upon the **failure** to give credit does the challenge implicate the legality of sentence. **See Commonwealth v. Dixon**, 161 A.3d 949, 951 (Pa. Super. 2017). **See also Commonwealth v. Heredia**, 97 A.3d 392, 395 (Pa. Super. 2014) ("the trial court, when imposing Appellant's sentence, expressly and unambiguously granted him 'credit for any time served' [and, therefore,] Appellant's characterization that he challenges the legality of his sentence is inaccurate."). Here, there is no question that the sentencing court granted Appellant credit for time served.

sentencing hearing.[4] As a result, Appellant has waived his challenge to the discretionary aspects of his sentence.[5]

Appellant waived his issues by failing to raise them in the trial court. As a result, we affirm.

Judgment of Sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/2022

---

[4] At Appellant's sentencing hearing, the court unequivocally indicated that "[t]he [DOC] will calculate credit for time served . . . I will state, 'Defendant shall be given credit for time served as calculated by the [DOC],' but it will be their responsibility to determine which credit is appropriate under the law." N.T. Sentencing, 4/26/19, at 8-9. Appellant did not object.

[5] Moreover, 42 Pa.C.S. § 9760(1) directs sentencing courts to credit the defendant for all time spent in custody on the charge for which the court is imposing sentence. It does not direct that any particular entity must calculate the credit and Appellant cites no law barring the sentencing court from delegating calculation to the DOC. Pennsylvania's appellate courts have, moreover, sanctioned the practice of delegating calculation to the DOC. **See**, **e.g.**, **Allen v. Com., Dept. of Corrections**, 103 A.3d 365, 371 (Pa. Commw. 2014) ("[T]he sentencing court awarded credit as a condition of sentencing. Specifically, the court ordered 'credit for any time previously served on this matter as determined by prisons' . . . Thus, the sentencing order expressly and unambiguously awarded credit, triggering DOC's duty." (emphasis omitted)). As a result, Appellant's claim is, additionally, without merit.